Jocelyn Larkin (SBN 110817)
jlarkin@impactfund.org
**IMPACT FUND**
2080 Addison Street, Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Facsimile: (510) 845-3654

Elizabeth Kristen (SBN 218227)
elizabeth.kristen@cwlc.org
**CALIFORNIA WOMEN'S LAW CENTER**
360 N. Pacific Coast Hwy., Suite 2070
El Segundo, CA 90245
Telephone: (323) 951-1041

David Willingham (SBN 198874)
dwillingham@kslaw.com
**KING & SPALDING, LLP**
633 West Fifth Street, Suite 16006
Los Angeles, CA 90071
Telephone: (213) 443-4433
Facsimile:(213) 443-4310

Chelsea Corey (*pro hac vice*)
chelsea.corey@haynesboone.com
**HAYNES AND BOONE, LLP**
50 S. Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: (980) 771-8251
Facsimile: (980) 771-8201

*Attorneys for Plaintiffs (additional counsel listed on signature page)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FARRELL, JAMES GONZALES, JULIANNE "JULES" SOHN, STEPHAN "LILLY" STEFFANIDES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE; LLOYD J. AUSTIN III, Secretary, United States Department of Defense, in his official capacity; CHRISTINE WORMUTH, Secretary, United States Army, in her official capacity; CARLOS DEL TORO, Secretary, United States Navy, in his official capacity; FRANK KENDALL, Secretary, United States Air Force, in his official capacity,<br><br>Defendants. | Case No.: 3:23-CV-04013-JCS<br><br>CIVIL RIGHTS ACTION<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:　　　Hon. Joseph Spero<br>Date:　　　March 12, 2025<br>Time:　　　9:30 a.m.<br>Location:　　Courtroom D, 15th Floor |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that Plaintiffs, on behalf of the conditionally certified class, hereby move pursuant to Federal Rules of Civil Procedure 23 and 54 for an order certifying the class for settlement purposes, granting final approval of the class action settlement, and awarding reasonable attorneys' fees and costs.

Plaintiffs' motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the concurrently-filed Declaration of Lori Rifkin and the proposed settlement agreement attached as Exhibit 1 thereto, the concurrently-filed Declaration of Elizabeth Kristen and Joint Stipulation to Substitute the California Women's Law Center for Legal Aid at Work, the previously-filed Declarations of class counsel Lori Rifkin (ECF No. 82-1), Elizabeth Kristen (ECF No. 82-2), Radha Sathe Manthe (ECF No. 82-3), and Chelsea Corey (ECF No. 82-4), and class representatives Sherrill Farrell (ECF No. 82-8), James Gonzales (ECF No. 82-6), Jules Sohn (ECF No. 82-7), and Lilly Steffanides (ECF No. 82-5), in Support of Plaintiffs' Motion for Preliminary Approval, the pleadings and records on file in this action, and argument presented at any hearing of this motion.

Dated:   February 12, 2025

Respectfully Submitted,

CALIFORNIA WOMEN'S LAW CENTER
IMPACT FUND
KING & SPALDING LLP
HAYNES AND BOONE, LLP

By:_____
Fawn Rajbhandari-Korr
Attorneys for Plaintiffs

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

I.  INTRODUCTION ..................................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND.................................................. 2

III.  SUMMARY OF PROPOSED CLASS SETTLEMENT ............................................ 3

    A.  The Settlement Class........................................................................................ 3

    B.  Relief Provided by the Settlement .................................................................. 4

    C.  Class Notice ..................................................................................................... 4

    D.  Attorneys' Fees and Costs .............................................................................. 5

IV.  ARGUMENT .............................................................................................................. 5

    A.  The Court Should Certify the Settlement Class................................................ 5

        1.  Plaintiffs Satisfy the Requirements for Class Certification under Rule 23(a). ...................................................................................... 6

        2.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(2).... 10

    B.  The Proposed Settlement is Fair, Reasonable, and Adequate.................................... 10

        1.  The Settlement is a Product of Arm's Length Negotiations Among Experienced Counsel. ......................................................................... 11

        2.  The Strength of Plaintiffs' Claims and Risk of Continued Litigation Weigh in Favor of Approval. ............................................................... 12

        3.  The Relief Obtained in Settlement is Fair, Adequate, and Reasonable. ......... 13

    C.  The Notice Plan Satisfies the Requirements of Rule 23. ............................................ 15

    D.  Plaintiffs' Request for Attorneys' Fees and Costs is Reasonable............................... 16

V.  CONCLUSION............................................................................................................... 19

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................ 6

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001) ................................................................................. 8

*Barrios v. California Interscholastic Federation*,
277 F.3d 1128 (9th Cir. 2002) ............................................................................... 17

*Bronson v. Samsung Elecs. Am., Inc.*,
No. C 18-02300 WHA, 2020 WL 1503662 (N.D. Cal. Mar. 30, 2020) .................... 16, 17, 18

*Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Hum. Resources*,
532 U.S. 598 (2001) ................................................................................................ 17

*Carlotti v. ASUS Computer Int'l*,
No. 18-cv-03369-DMR, 2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) ........................ 6

*Churchill Vill., LLC v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ................................................................. 11, 12, 15

*Ellis v. Naval Air Rework Facility*,
87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ........................ 12

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 2008) ........................................................................... 8, 11

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ................................................................................. 8

*Hernandez v. Cnty. of Monterey*,
305 F.R.D. 132 (N.D. Cal. 2015) ........................................................................... 10

*Hesse v. Sprint Corp.*,
598 F.3d 581 (9th Cir. 2010) ................................................................................. 15

*In re Anthem, Inc. Data Breach Litig.*,
327 F.R.D. 299 (N.D. Cal. 2018) ........................................................................... 9

*In re Bluetooth Headset Prod. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2021) ............................................................................. 11, 16

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prods. Liab. Litig.*,
No. 17-md-02777, 2019 WL 536661 (N.D. Cal. Feb. 11, 2019) ................................ 6

*In re Hyundai and Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019) ................................................................................. 6

*In re Netflix Priv. Litig.*,
   No. 5:11-CV-00379 EJD, 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ................................ 11

*In re TD Ameritrade Account Holder Litig.*,
   No. C 07-2852 SBA, 2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) ............................................ 14

*Int'l Woodworkers of Am. AFL-CIO, Local 3-98 v. Donovan*,
   769 F.2d 1388 (9th Cir. 1985), *amended*, 792 F.2d 762 (9th Cir. 1985) ................................... 17

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ..................................................................................................... 11

*Linney v. Cellular Alaska Partnership*,
   151 F.3d 1234 (9th Cir. 1998) ................................................................................................... 14

*McKnight v. Uber Techs., Inc.*,
   No. 14-cv-05615-JST, 2017 WL 3427985 (N.D. Cal. Aug. 7, 2017) ..................................... 10, 11

*Mendoza v. Tuscon Sch. Dist. No. 1*,
   623 F.2d 1388 (9th Cir. 1980) ................................................................................................... 15

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
   No. 4:20-cv-09077-JSW, 2024 WL 4868182 (N.D. Cal. Oct. 3, 2024) ...................................... 15

*Moreno v. San Francisco Bay Area Rapid Transit District*,
   No. 17-cv-02911-JSC, 2019 WL 343472 (N.D. Cal. Jan. 28, 2019) .......................................... 18

*Ms. L v. U.S. Immigration and Customs Enforcement*,
   No. 18-cv-00428 (S.D. Cal. Nov. 5, 2024) ................................................................................. 19

*Officers for Justice v. Civ. Serv. Comm'n & Cnty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ..................................................................................................... 14

*Perez–Arellano v. Smith*,
   279 F.3d 791 (9th Cir.2002) ...................................................................................................... 17

*Pirus v. Bowen*,
   869 F.2d 536 (9th Cir. 1989) ..................................................................................................... 19

*Richard S. v. Dep't of Developmental Servs.*,
   317 F.3d 1080 (9th Cir.2003) .................................................................................................... 17

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ................................................................................................. 7, 10

*Staton v. Boeing Corp.*,
   327 F.3d 938 (9th Cir. 2003) ....................................................................................................... 9

*Thomas v. Peterson*,
   841 F.2d 332 (9th Cir.1988) ...................................................................................................... 17

*Vargas v. Ford Motor Co.*,
   No. cv 1208388, 2020 WL 1164066 (C.D. Cal. Mar. 5, 2020) .................................................... 17

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ................................................................................................. 7

*Williams v. Boeing Co.,*
  517 F.3d 1120 (9th Cir. 2008) ................................................................................ 15

*Wortman v. Air New Zealand,*
  326 F.R.D. 549 (N.D. Cal. 2018) ............................................................................ 7

**Statutes**

28 U.S.C. §§ 2412 ......................................................................................... 5, 17

10 U.S.C. § 654 (2006) (repealed 2010) ............................................................. 5

**Federal Rules**

Fed. R. Civ. P. 23(a) .............................................................................. 6, 7, 8, 9

Fed. R. Civ. P. 23(b) ................................................................................... 10

Fed. R. Civ. P. 23(c) ................................................................................... 15

Fed. R. Civ. P. 23(e) ................................................................................... 11

Fed. R. Civ. P. 23(h) ............................................................................... 16, 17

Fed. R. Civ. P. 54(d) ................................................................................... 16

**Regulations**

32 C.F.R. § 70.4(b) ....................................................................................... 8

**Other Authorities**

Department of Defense Directive 1332.41 ........................................................ 8

United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ .......................... 18

United States District Court for the Northern District of California, *Procedural Guidance for Class Action Settlements* (2018) .................................................................................. passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs request final approval of a settlement that will provide critical injunctive relief to veterans discharged under Don't Ask, Don't Tell ("DADT"), 10 U.S.C. § 654 (2006) (repealed 2010), and predecessor policies, whose discharge paperwork (Form "DD-214") contains indicators of sexual orientation. The terms of the settlement are fully set forth in the settlement agreement, attached as Exhibit 1 to the Declaration of Lori Rifkin in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Rifkin Decl."), filed herewith ("SA").[1]

The settlement will provide veterans discharged under DADT and similar prior policies with access to streamlined review procedures for requesting changes to their DD-214s. These procedures will provide a faster, easier, and more effective avenue for veterans to request removal of all indicators of sexual orientation from their DD-214s than those currently in place. For most veterans given discharge characterizations below Honorable, the settlement will also provide an expedited discharge upgrade review. Participating veterans will not have to individually obtain their military records, gather evidence, or submit individual petitions to the Board. The streamlined review procedures will be available to class members for at least three years.

On January 8, 2025, the Court conditionally certified the settlement class and granted preliminary approval of the settlement. ECF No. 85. The Court found that it will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2). *Id.* There have been no changes since preliminary approval that would undercut certification of the class and final approval of the settlement, including the requested attorneys' fees and costs, as fair, reasonable, and adequate. The parties have implemented the class notice plan approved by the Court. Rifkin Decl. ¶¶ 13-15. Class counsel have received substantial positive feedback about the settlement, and, to date, no class members have submitted objections.[2] *Id.* ¶ 16. Accordingly, Plaintiffs now move for certification of the settlement class and final approval of the

---

[1] Plaintiffs previously filed the settlement agreement with Plaintiffs' Motion for Preliminary Approval, ECF No. 82-1 at 14 (Exhibit 1), and file it again with the instant motion for the Court's convenience in reviewing.

[2] The deadline for objections is February 19, 2025. ECF No. 85 at 3.

settlement, including an award of $350,000 in reasonable attorneys' fees and costs. This motion is unopposed. Rifkin Decl. ¶ 5.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs included a detailed factual and procedural history of the litigation, summary of the settlement negotiations, and a description of the settlement terms in the recently filed motion for preliminary approval. ECF. No 82 at 10-12. In summary, Plaintiffs brought this class action on behalf of themselves and tens of thousands of veterans discharged under DADT and similar prior policies that prohibited individuals from serving in the U.S. armed forces based on actual or perceived sexual orientation. ECF No. 43 ¶¶ 6, 34. Plaintiffs sought declaratory and injunctive relief to remedy ongoing constitutional violations caused by these discriminatory discharges, namely the continuing identification of sexual orientation on affected veterans' discharge papers. *Id*. ¶¶ 122-23.

Defendants moved to dismiss the entirety of Plaintiffs' case, challenging timeliness, standing and exhaustion of remedies, and the sufficiency of Plaintiffs' allegations. ECF No. 50. After the Court denied Defendants' motion to dismiss, the parties engaged in six months of contentious arm's length settlement negotiations, including bi-weekly meet and confer calls via videoconference and an in-person settlement meeting in Washington D.C. ECF No. 82-1 ¶¶ 16-22.

Plaintiffs' counsel—who have decades of experience litigating civil rights actions and class actions—assessed the settlement based on their thorough investigation of this case, consultations with the named Plaintiffs, information gathered from other advocates for LGBTQ+ veterans, their own prior litigation experience, and additional information obtained through the course of settlement discussions. ECF No. 82-1 ¶ 32; ECF No. 82-2 ¶ 15; ECF No. 82-3 ¶ 17; ECF No. 82-4 ¶ 14. Plaintiffs' counsel weighed the strengths and weaknesses of the legal issues, the relief they were able to obtain through settlement versus the relief possible through litigation, and the benefits and risks of proceeding with further litigation. ECF No. 82-1 ¶ 33; ECF No. 82-2 ¶ 15; ECF No. 82-3 ¶ 17; ECF No. 82-4 ¶ 14. If approved, the settlement would provide meaningful and timely relief to tens of thousands of veterans experiencing ongoing harm related to their discharge paperwork and status. Named Plaintiffs and their counsel concluded that the substantial relief obtained for the putative

class through this settlement as compared to the potential delay and substantial risks of ongoing litigation make this settlement an excellent outcome. ECF No. 82-8 ¶ 31; ECF No. 82-6 ¶¶ 45-47; ECF No. 82-7 ¶ 35; ECF No. 82-5 ¶¶ 45-47.

Plaintiffs moved for preliminary approval of the settlement on January 6, 2025. ECF No. 82. The same day, Defendants filed a Statement of Nonopposition and requested the Court consider the matter submitted on the papers for immediate determination. ECF No. 84. On January 8, 2025, the Court conditionally certified the settlement class and granted preliminary approval of the settlement. ECF No. 85.

Pursuant to the Court's order, the parties implemented the notice plan to advise class members of the proposed settlement and its terms, and how to exercise their rights to object and/or participate. *See id.* at 2-3; Rifkin Decl. ¶¶ 13-14. The final class notice, updated per the Court's Order ("Notice"), is attached as Exhibit 2 to the Rifkin Declaration. The Notice was posted on public-facing Department of Defense websites and class counsel's case website.[3] Rifkin Decl. ¶ 14. Class counsel also distributed the Notice and a summary of the settlement to LGBTQ+ organizations, veterans' organizations, veterans' legal clinics, and related listservs across the country. *See id.* ¶ 4; SA ¶ 24. The parties issued press releases with information about the settlement, and class counsel posted a summary of information contained in the Class Notice to social media channels. *See* Rifkin Decl. ¶¶ 14-15; SA ¶ 24.

Class counsel have received substantial positive feedback from class members, and no class members have submitted objections. Rifkin Decl. ¶ 16.

## III. SUMMARY OF PROPOSED CLASS SETTLEMENT

### A. The Settlement Class

The proposed settlement class is the same as the class conditionally certified by the Court in its January 8, 2025 Order:

> [V]eterans of the U.S. Army, U.S. Navy, U.S. Air Force, and U.S. Marine Corps who were administratively separated prior to September 20, 2011, and whose most recent Service separation document shows their basis for discharge was sexual orientation,

---

[3] *See* https://www.defense.gov/Spotlights/Dont-Ask-Dont-Tell-Resources/; https://www.milreviewbds.mil/; https://www.justiceforlgbtqveterans.com/

homosexual conduct, homosexual admission, homosexual marriage, similar language, or a policy title or number signifying separation for sexual orientation.

SA ¶ 4(d).

## B.  Relief Provided by the Settlement

The settlement establishes two corrections procedures for class members.  The first is an administrative change process to remove sexual orientation indicators from the DD-214s of class members with Honorable and Uncharacterized/Entry Level discharges ("Administrative Change Process").  The following changes to class members' DD-214s may be obtained through the Administrative Change Process: (1) the narrative basis (i.e., reason) for separation changed to "Secretarial Authority," (2) the Separation Program Designator Code[4] changed to correspond to the new narrative basis, and (3) the Re-Entry code be upgraded to RE-1 if it was RE-2 or lower.[5]  The Administrative Change Process will not require Board review and will be available for at least three years.  SA ¶¶ 6-7.

The second streamlined corrections procedure is an expedited group discharge upgrade review process for class members discharged with characterizations of General Under Honorable Conditions or Under Other Than Honorable Conditions ("Discharge Upgrade Review Process").  Defendants will submit group discharge upgrade requests for Board review on behalf of eligible class members who opt into this process.  The first series of group applications will be submitted within nine months after the Final Approval order is entered.  Defendants will continue to submit group applications at approximately three-month intervals, and this process will remain available for at least three years.  SA ¶ 7.

## C.  Class Notice

The Court approved the notice plan set forth in the settlement, with the notice to be updated to provide time and location details for the final approval hearing and class member objections, as

---

[4] Separation Program Designator Code is a three-character alphabetic combination identifying the reasons for and type of separation.

[5] RE-1 signifies that the veteran is eligible for reenlistment.  *See* Office of the Naval Inspector General, *What is a Reenlistment Code?*, SECRETARY OF THE NAVY, https://www.secnav.navy.mil/ig/Lists/FAQs/DispForm.aspx?ID=641 (last visited January 3, 2025).

described in the Court's Order.  ECF No. 85 at 2-3.  As described above, the parties have implemented this notice plan.  *See supra*, Section II.

The settlement also provides that, following final approval, Defendants will prepare a class list utilizing their records database and send letters to certain class members describing how to access the settlement's expedited DD-214 corrections procedures.  Information about how veterans can request DD-214 corrections pursuant to the settlement will be posted on the Department of Defense and each military department's websites, as well as class counsel's case website.  SA ¶¶ 10-12.

### D.     Attorneys' Fees and Costs

The settlement permits Plaintiffs to move for an award of reasonable attorneys' fees and costs in the amount of $350,000, but is not conditioned upon the Court's approval of any attorneys' fees or costs.  SA ¶ 34; Rifkin Decl. ¶ 20.  As detailed further below, this amount is reasonable and justified under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 ("EAJA").

## IV.     ARGUMENT

### A.     The Court Should Certify the Settlement Class.

The proposed settlement class definition is coextensive with the class proposed in Plaintiffs' operative complaint.  *See* United States District Court for the Northern District of California, *Procedural Guidance for Class Action Settlements* ¶ 1(a) (2018) ("N.D. Cal. Class Settlement Guidance").  The settlement class definition contains greater detail than the class definition in the operative complaint to clarify the scope of the proposed class and facilitate Defendants' provision of relief.  *Compare* SA ¶ 4(d) *with* ECF No. 43 ¶ 112.  The parties jointly drafted this definition, which incorporates information Plaintiffs did not have at the time they filed the operative complaint.  ECF No. 82-1 ¶ 23.  The settlement does not propose a subclass because the injunctive relief negotiated for the entire proposed settlement class addresses the discharge upgrade claims of the subclass defined in Plaintiffs' operative complaint.  *Id.*

There is no substantive difference between the proposed settlement class definition and Plaintiffs' original proposed class definition that would impede certification for settlement purposes. Indeed, courts routinely approve more extensive departures from proposed class definitions.  *See,*

*e.g.*, *Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369-DMR, 2019 WL 6134910, at *14 (N.D. Cal. Nov. 19, 2019) (approving settlement class narrower than class in complaint); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 17-md-02777, 2019 WL 536661, at **3-7 (N.D. Cal. Feb. 11, 2019) (approving settlement with "simpler" class definition).

        1.   <u>Plaintiffs Satisfy the Requirements for Class Certification under Rule 23(a).</u>

The proposed settlement class meets Rule 23 requirements for class certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (explaining that certification requires that all four elements of Rule 23(a) and at least one prong under Rule 23(b) be satisfied). The Court previously found that it "will likely be able to certify the proposed class for the purposes of settlement." ECF No. 85 ¶ 1. There have been no changes to the settlement class since the Court's conditional certification in January 2025. Applying the required rigorous analysis to confirm that the requirements of Rule 23 are met, the Court may readily conclude that it can now finally certify the settlement class. *See In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019).

        *a)*     *The Settlement Class is Sufficiently Numerous.*

The proposed settlement class meets the numerosity requirement of Rule 23(a) because "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Department of Defense website states that 32,837 veterans were discharged under DADT and predecessor policies,[6] and Defendants' response to Plaintiffs' Freedom of Information Act request indicated there are at least 35,801 veterans who are in this group. ECF No. 43 ¶ 114. These tens of thousands of veterans are presumptively members of the proposed Settlement Class because Defendants themselves have characterized these veterans' discharges as based on their sexual orientation.[7] While some of those veterans may have received relief through the existing Board review process and a limited initiative Defendants announced in September 2023,[8] it is undisputed that the majority have not. Therefore,

---

[6] *Spotlight: Don't Ask Don't Tell Resources*, U.S. DEPARTMENT OF DEFENSE, https://www.defense.gov/Spotlights/Dont-Ask-Dont-Tell-Resources/ (last visited February 5, 2025).
[7] *Id.*
[8] After Plaintiffs filed this lawsuit, the Department of Defense announced that it would initiate a

the proposed settlement class is sufficiently numerous.  *See Wortman v. Air New Zealand*, 326
F.R.D. 549, 556 (N.D. Cal. 2018) (holding that a class of at least forty-one class members will
presumptively meet the numerosity requirement, and plaintiffs may make a reasonable estimate as to
class numbers).

*b)*    *There are Common Questions of Law and Fact.*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed. R.
Civ. P. 23(a)(2).  The commonality requirement looks to "shared legal issues or a common core of
facts."  *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (abrogated on other grounds by
*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).  In other words, class claims "must
depend upon a common contention," which "must be of such nature that it is capable of classwide
resolution—which means that determination of its truth or falsity will resolve an issue that is central
to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.
338, 350 (2011).  This case poses numerous overarching questions that are common to the proposed
Settlement Class, including:

- Whether Defendants violated class members' equal protection rights by (1) issuing DD-214s that identified class members' actual or perceived sexual orientation, while not identifying the actual or perceived sexual orientation of other veterans, and (2) maintaining a policy expressly disclaiming an intention to systematically remove indicators of sexual orientation on class members' DD-214s following the repeal of DADT;

- Whether Defendants' maintenance of a policy that refuses to systematically remove indicators of sexual orientation from DD-214s is a continuing violation of class members' constitutional right to privacy;

- Whether Defendants have violated due process by maintaining a policy that refuses to systematically remove sexual orientation indicators from DD-214s; and

- Whether the discharge upgrade and record correction processes that Defendants have put in place are constitutionally inadequate.

---

records review of veterans who may have been discharged under Don't Ask Don't Tell and consider
processing upgrades to eligible veterans. *See* U.S. Department of Defense, *Statement by the
Secretary of Defense Lloyd J. Austin on the Twelfth Anniversary of the Repeal of 'Don't ask Don't
Tell* (September 20, 2023), https://www.defense.gov/News/Releases/Release/Article/3531561/ (last
visited February 5, 2025).  In October 2024, the Department of Defense announced it had granted
relief to 824 veterans through that review.  *See Spotlight: Don't Ask Don't Tell Resources*, U.S.
DEPARTMENT OF DEFENSE, https://www.defense.gov/Spotlights/Dont-Ask-Dont-Tell-Resources/
(last visited February 5, 2025).

The central facts underlying the class claims are also common. For example, Defendants' inclusion of sexual orientation indicators on the DD-214s of Settlement Class members uniformly resulted from discharges under DADT and predecessor policies. Likewise, federal regulations and Department of Defense directives explicitly require "uniformity among the Military Departments in the rights afforded applicants in discharge reviews." 32 C.F.R. § 70.4(b)(2); Department of Defense Directive 1332.41. As a result, the process for reviewing and correcting military records to remove indicators of sexual orientation or obtain a discharge upgrade is the same or substantially similar for all veterans in all branches of service. These common questions of law and fact meet the requirements under Rule 23(a)(2).

### c) Named Plaintiffs' Claims are Typical of the Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The purpose of the typicality requirement is to ensure that the interests of the named Plaintiffs align with the interests of the class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 2008), *overruled on other grounds by Wal-Mart*, 564 U.S. 338. The typicality requirement measures whether the named Plaintiffs' legal claims all arise from essentially the same conduct as their fellow class members' claims, and whether the named Plaintiffs and their fellow class members suffered the same legal injury. *Hanon*, 976 F.2d at 508.

Here, named Plaintiffs and the proposed settlement class all suffered the identical injury of a military discharge based on actual or perceived sexual orientation and all have DD-214s that contain indicators of sexual orientation. ECF No. 82-8 ¶ 4; ECF No. 82-6 ¶ 22; ECF No. 82-7 ¶ 4; ECF No. 82-5 ¶ 21. Named Plaintiffs and the proposed settlement class are all challenging the continued inclusion of sexual orientation indicators on their DD-214s, Defendants' refusal to systematically correct DD-214s, and Defendants' constitutionally infirm process that places the burden on affected veterans to obtain corrections. *See Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) (typicality requirement met when "the cause of the injury is the same—here, the Board's discriminatory policy and practice"). Named Plaintiffs' claims are therefore typical of the proposed settlement class.

       *d)      Named Plaintiffs and Their Counsel Have, and Will Continue to,*
*Fairly and Adequately Protect the Interests of the Class.*

      The final Rule 23(a) requirement is that named Plaintiffs will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry asks whether there are any conflicts of interest between named Plaintiffs and the class they seek to represent, thereby guarding the right of absent class members not to be bound to a judgment without adequate representation by the parties participating in the litigation. *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 309 (N.D. Cal. 2018). The court must determine whether the class representatives "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class" through qualified counsel. *Staton v. Boeing Corp.*, 327 F.3d 938, 957 (9th Cir. 2003). Named Plaintiffs meet this requirement.

      As this Court determined in its preliminary approval Order, named Plaintiffs satisfy the Rule 23 requirements for class representatives. ECF No. 85 ¶ 3. They have no interest antagonistic to, or in conflict with, the interests of the class members they seek to represent. Instead, the proposed settlement class members' interests are aligned because they all share the common goal of removing the discriminatory and harmful indicators of sexual orientation on their DD-214s and the resulting harms. Each named Plaintiff has also devoted significant time to the investigation, prosecution, and settlement of this case. ECF No. 82-8 ¶ 30; ECF No. 82-6 ¶ 44; ECF No. 82-7 ¶ 34; ECF No. 82-5 ¶¶ 36, 41. Named Plaintiffs have prioritized the primary goal to obtain relief on behalf of the entire class. ECF No. 82-8 ¶¶ 29, 33; ECF No. 82-6 ¶¶ 43, 48; ECF No. 82-7 ¶¶ 33, 38; ECF No. 82-5 ¶¶ 42-43.

      Plaintiffs' counsel also continue to satisfy the requirements for class counsel under Rule 23(g).[9] Plaintiffs' counsel undertook significant research and investigation in preparation for filing the complaint in this case, and vigorously litigated the case. ECF No. 82-1 ¶ 44; ECF No. 82-2 ¶¶ 6-7; ECF No. 82-3 ¶ 10; ECF No. 82-4 ¶ 7. Counsel are well-versed in complex class litigation and

---

[9] Because one of the attorneys the Court appointed as class counsel in its preliminary approval order has subsequently changed employment, the parties are concurrently filing a joint stipulation and proposed order to substitute California Women's Law Center for Legal Aid at Work as class counsel.

LGBTQ+ civil rights actions, and devoted substantial time and expertise for the benefit of the class. ECF No. 82-1 ¶¶ 41-50; ECF No. 82-2 ¶¶ 3-9; ECF No. 82-3 ¶¶ 2-9; ECF No. 82-4 ¶¶ 2-6. The case has been hard fought through Defendants' motion to dismiss and lengthy settlement negotiations. ECF No. 82-1 ¶¶ 13, 16-22; ECF No. 82-2 ¶¶ 10-13; ECF No. 82-3 ¶¶ 12-15; ECF No. 82-4 ¶¶ 9-12. While class counsel Eliabeth Kristen has changed organizations to the California Women's Law Center, the CWLC will continue to represent the class and should be substituted as class counsel for LAAW pursuant to the Stipulation and Declaration of Elizabeth Kristen filed herewith.

### 2. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(2).

Federal Rule of Civil Procedure 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) is almost automatically satisfied in actions primarily seeking injunctive relief." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 151 (N.D. Cal. 2015).

This case satisfies the Rule 23(b)(2) requirements because Defendants uniformly identified the actual or perceived sexual orientation of veterans discharged under DADT and predecessor policies on their DD-214s. Further, Defendants are now subjecting all proposed settlement class members to the same policy that requires veterans with sexual orientation indicators on their DD-214s to individually petition for relief and carry the burden of demonstrating that relief should be granted. A uniform injunction would cure each alleged violation of proposed settlement class members' Fifth and Fourteenth Amendment rights resulting from Defendant's uniform policies and procedures. In other words, proposed settlement class members seek "relief from a single practice." *See Rodriguez*, 591 F.3d at 1126. Therefore, this case is particularly suited to certification under Rule 23(b)(2).

### B. The Proposed Settlement is Fair, Reasonable, and Adequate.

The Court should grant final approval of the settlement. The Ninth Circuit maintains a "strong judicial policy" that favors settlement of class actions. *McKnight v. Uber Techs., Inc.,* No. 14-cv-05615-JST, 2017 WL 3427985, at *2 (N.D. Cal. Aug. 7, 2017) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). Final approval is appropriate if the proposed

settlement is "fair, reasonable, and adequate" under Rule 23(e)(2). *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2021). Rule 23(e) requires the Court to consider whether representation of the class was adequate; whether the proposal was negotiated at arm's length; the adequacy of the relief provided for the class; and the treatment of class members relative to each other. Fed. R. Civ. P. 23(e)(2)(A)-(D).

The Ninth Circuit has also identified specific factors that courts should consider when evaluating whether a settlement is fair, reasonable, and adequate: the strength of plaintiff's case; risk, expense, complexity, and likely duration of further litigation; risk of maintaining class action status throughout trial; amount offered in settlement; extent of discovery completed and stage of the proceedings; experience and views of counsel; presence of a governmental participant; and reaction of class members to the proposed settlement. *In re Bluetooth*, 654 F.3d at 946 (quoting *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566 at 575).

When the class has not already been certified, the Court must also closely review class settlements "for evidence of collusion or other conflicts of interest . . . before securing the court's approval as fair." *Id.* at 946-47. This review "ensure[s] that class representatives and their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1027). The proposed settlement in this case meets this standard.

1. The Settlement is a Product of Arm's Length Negotiations Among Experienced Counsel.

The fairness and reasonableness of a settlement agreement is presumed "where that agreement was the product of non-collusive, arm's length negotiations conducted by capable and experienced counsel." *In re Netflix Priv. Litig.,* No. 5:11-CV-00379 EJD, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013). Defendants agreed to participate in settlement discussions after the Court ruled on their motion to dismiss. ECF No. 82-1 ¶ 16. Counsel then engaged in nearly six months of weekly and bi-weekly negotiations that were adversarial in nature. ECF No. 82-1 ¶ 19; ECF No. 82-2 ¶ 10; ECF No. 82-3 ¶ 12; ECF No. 82-4 ¶ 9. Counsel made incremental progress each week through hard-fought compromises. *Id.* The proposed settlement was finally reached on January 3,

2025, after a substantial exchange of information, extensive investigation and analysis, and a full day of arm's-length negotiations in Washington, D.C., with Plaintiffs' counsel who have considerable expertise in class actions and civil rights litigation on behalf of LGBTQ+ individuals. ECF No. 82-1 ¶¶ 20, 22; ECF No. 82-2 ¶¶ 11, 13; ECF No. 82-3 ¶¶ 13, 15; ECF No. 82-4 ¶¶ 10, 12.

Plaintiffs and their counsel agreed to accept and propose this settlement to the Court because it provides substantial relief to class members and avoids both the risk of loss in litigation and the further harm of delaying relief to tens of thousands of veterans who have already waited for decades. ECF No. 82-1 ¶¶ 5, 34; ECF No. 82-2 ¶ 14; ECF No. 82-3 ¶ 16; ECF No. 82-4 ¶ 13. Courts recognize that the opinion of experienced counsel supporting settlement after arm's-length negotiations "is entitled to considerable weight." *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981). The settlement was zealously negotiated, and Plaintiffs' counsel strongly support the settlement as fair, reasonable, and adequate. ECF No. 82-1 ¶¶ 5, 34; ECF No. 82-2 ¶ 14; ECF No. 82-3 ¶ 16; ECF No. 82-4 ¶ 13.

### 2. The Strength of Plaintiffs' Claims and Risk of Continued Litigation Weigh in Favor of Approval.

In evaluating the settlement, the Court should weigh the strength of Plaintiffs' case against the risk and expense of continued litigation. *Churchill*, 361 F.3d at 575. While Plaintiffs believe they have a strong case on the merits, they also recognize the inherent risks and uncertainty of litigation, including that the proposed settlement class could ultimately receive no relief at all, and understand the benefit of providing significant injunctive relief now. ECF No. 82-1 ¶ 30. Plaintiffs also appreciate the value of working collaboratively with Defendants to draft complex procedures that involve each of the military service branches, an option that may not be available if the parties proceed with litigation to a final judgment. *Id.* ¶ 31.

Plaintiffs recognize that timeliness of relief is a crucial consideration to this proposed settlement class, giving an added value to resolving these claims without protracted litigation. ECF No. 82-1 ¶ 30. All members of the proposed settlement class have lived with discriminatory DD-214s for more than a decade—many for multiple decades. *Id.* Indeed, some veterans did not receive relief in their lifetime. *Id.* If approved, the settlement will yield expedited, certain, and substantial

recovery for the proposed settlement class, without the considerable burdens, risks, and delays of ongoing federal court litigation. *Id.*

### 3. The Relief Obtained in Settlement is Fair, Adequate, and Reasonable.

The relief negotiated by the parties is fair, adequate, and reasonable. The expedited corrections and review processes established through the settlement allow for the prompt removal of stigmatizing markers from the discharge paperwork of veterans separated pursuant to DADT or its predecessor policies, protect class members' privacy, and do not require veterans to individually navigate the lengthy and burdensome individual Board records correction process. SA ¶¶ 6-8. Discharge upgrades will enable class members to obtain federal, state, and local benefits they have been denied. ECF No. 43 ¶¶ 46-49, 69. Critically, these relief measures will be implemented within three months of final approval, which is a significant benefit to veterans who have waited decades for a viable remedy and would otherwise face additional years of litigation in this case. SA ¶¶ 6-7; ECF No. 82-1 ¶ 30.

The relief in the proposed settlement is also reasonable when compared with the potential class recovery if Plaintiffs had fully prevailed on each of their claims. *See* N.D. Cal. Class Settlement Guidance ¶ 1(c). All Plaintiffs raised the following federal constitutional claims against Defendants: Equal Protection (claim one); Substantive Due Process, Privacy Interest (claim two); and Procedural Due Process (claim four). Plaintiffs Farrell, Gonzales, and Steffanides also raised a Substantive Due Process, Liberty Interest (claim three) claim against Defendants. The proposed settlement provides full injunctive relief under claims one and two, and a better result could not have been obtained after a successful trial on the merits. The relief achieves the primary goal of this litigation: to provide an accessible and effective avenue to remove the markers of sexual orientation from veterans' DD-214s and implement a comprehensive and expedited DD-214 correction process that alleviates the burdens of the current individualized process for the settlement class.

The proposed settlement does not achieve full relief under claims three and four because veterans with Uncharacterized/Entry Level discharge codes will not be eligible for discharge

upgrades under the Settlement Agreement.[10]  SA ¶ 4(y), 4(bb), 4(ee), 7;  *See* N.D. Cal. Class

Settlement Guidance ¶ 1(c).  Veterans with these codes were discharged under a protocol preventing

any discharge "characterization" from being assigned (whether Honorable or below Honorable)

because the veteran was administratively separated before they served a specified minimum number

of days (the specific minimum number of days has varied over time).  Defendants represent that they

do not have the authority to retroactively provide Honorable discharges to these veterans on a group-

wide basis, and it is unclear whether Plaintiffs would prevail on this issue at trial.  ECF No. 82-1

¶ 27.  Plaintiffs recognize that litigating this narrow issue carries significant risk that is outweighed

by a global settlement agreement that provides a path toward removal of sexual orientation

indicators from DD-214s for all class members and provides the majority discharged without an

Honorable characterization the opportunity to opt into an expedited group application process for

discharge upgrades.  *Id.*  Settlement class members with Uncharacterized/Entry Level Discharges

will not waive or release their individual claims under the terms of the settlement and retain their

right to apply individually for discharge upgrades through the regular Board review process.  SA

¶ 32-33, 46.

   Less-than-total relief for all class members desiring discharge upgrades does not preclude a

determination by the Court that the settlement is fair, adequate, and reasonable.  A settlement is not

judged solely against what might have been recovered had Plaintiffs prevailed at trial as to all

aspects of their claims.  *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998)

(noting that fairness of a proposed settlement "is not to be judged against a hypothetical or

speculative measure of what *might* have been achieved by the negotiators."); *In re TD Ameritrade

Account Holder Litig.*, No. C 07-2852 SBA, 2011 WL 4079226, at *4 (N.D. Cal. Sept. 13, 2011).

Instead, a compromise generally involves both parties giving up something they might have won had

they proceeded with litigation in exchange for saving costs and eliminating risks.  *See Officers for

Justice v. Civ. Serv. Comm'n & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

---

[10] Class members with Uncharacterized/Entry level discharges will still be eligible to receive corrections to their DD-214s to remove sexual orientation indicators through the Administrative Change Process.  SA ¶ 6.  All other class members with discharge characterizations below Honorable will be eligible for the Discharge Upgrade Review Process.  SA ¶ 7.

The proposed release of claims included in the settlement is consistent with Ninth Circuit law. *See, e.g., Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) ("A settlement agreement may preclude a party from bringing a . . . released claim [that] is 'based on the identical factual predicate as that underlying the claims in the settled class action.'")); N.D. Cal. Class Settlement Guidance ¶ 1(b). The release in the settlement tracks the claims in the operative complaint and releases only the claims asserted on behalf of the putative class in the complaint. SA ¶ 32. All settlement class members maintain their rights to apply individually through the usual Board review processes for any relief not obtained through the procedures set forth in this settlement. SA ¶ 7(c)-(d). All class members also maintain their rights to pursue claims for damages because no such relief was sought as part of this case. SA ¶ 32.

### C. The Notice Plan Satisfies the Requirements of Rule 23.

The approved notice plan is appropriate under Rule 23(c)(2), which permits but does not mandate notice when a class is certified under Rule 23(b)(2) and provides only injunctive relief. *See* Fed. R. Civ. P. 23(c)(2)(A); *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 4:20-cv-09077-JSW, 2024 WL 4868182, at *4 (N.D. Cal. Oct. 3, 2024); *see also* N.D. Cal. Class Settlement Guidance ¶ 3 (providing additional guidance on class notice). A class settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill*, 361 F.3d at 575 (quoting *Mendoza v. Tuscon Sch. Dist. No. 1*, 623 F.2d 1388, 1352 (9th Cir. 1980)).

The parties implemented the approved notice plan as described above in Sections II and III.C, utilizing multiple methods of communication to make settlement class members aware of the settlement, the relief it would provide, and how to exercise their rights to object and/or participate. Rifkin Decl. ¶¶ 13-16.

The settlement also provides that, following final approval, Defendants will send letters by U.S. Mail to settlement class members who can be identified using Defendants' computerized records. SA ¶ 8. These letters will inform class members of the availability of a process to request changes to their DD-214s but will not directly reference this lawsuit or sexual orientation to protect

class members' privacy, given that mail delivery to last-known addresses does not guarantee confidentiality. Rifkin Decl. ¶ 17. While Defendants will not be able to identify settlement class members discharged before 1980 because they do not maintain computerized records from that time, all veterans who meet the class definition will be eligible for relief under the settlement, even if they do not receive a letter from Defendants. SA ¶¶ 6, 7; ECF No. 82-1 ¶ 40. Defendants will also post information about how to access the Administrative Change Process and the Board Discharge Upgrade Review Process on the Department of Defense website and each military department's website, and Plaintiffs' counsel will post similar information on their case website along with links to the Department of Defense website. SA ¶¶ 9, 11, 24(d).

This notice plan is reasonable given the size, composition, and particular privacy concerns of this settlement class, and the nature of the injunctive relief provided.

### D. Plaintiffs' Request for Attorneys' Fees and Costs is Reasonable.

Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), the Court may award reasonable attorneys' fees and nontaxable costs as authorized by law or by the parties' agreement upon timely motion and with appropriate notice to the class. In granting preliminary approval of the settlement, the Court found that it would "likely be able to approve the proposed settlement as fair, reasonable, and adequate," "including its provisions for… reasonable attorneys' fees and costs." ECF No. 85 at 2. The Court approved notice to the class that Plaintiffs would be seeking $350,000 in fees and costs, and directed Plaintiffs to move for such fees and costs at the time of the final approval motion. ECF No. 85. The parties provided Notice, and no class member has objected to Plaintiffs' fees request.

"A district court must ensure that attorneys' fees are 'fair, adequate, and reasonable,' even if the parties have entered into a settlement agreement that provides for those fees." *Bronson v. Samsung Elecs. Am., Inc.,* No. C 18-02300 WHA, 2020 WL 1503662, at *3 (N.D. Cal. Mar. 30, 2020) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003)); *see also In re Bluetooth*, 654 F.3d at 941. Here, the settlement provides the class with a substantial benefit that is consistent with the injunctive relief sought in the operative complaint; the fees were negotiated independent of the injunctive relief set forth in the settlement; the settlement is not conditioned upon the Court's approval of fees; and the

fees will not be deducted from a monetary class settlement. ECF No. 82-1 ¶¶ 26, 55; *see Bronson*, 2020 WL 1503662, at *3; *Vargas v. Ford Motor Co.*, No. cv 1208388, 2020 WL 1164066, at *12 (C.D. Cal. Mar. 5, 2020) (attorneys' fee provision was "not problematic" when, among other things, fees were negotiated separately from class relief).

This Court may properly award Plaintiffs $350,000 in reasonable attorneys' fees and costs pursuant to Rule 23(h). EAJA entitles litigants to recover attorneys' fees and costs from the federal government if: (1) they are the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. *See Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir.2002). EAJA also provides for the recovery of costs that are ordinarily billed to a client and that are routine under all other fee statutes. *See Int'l Woodworkers of Am. AFL-CIO, Local 3-98 v. Donovan*, 769 F.2d 1388, 1392 (9th Cir. 1985), *amended*, 792 F.2d 762 (9th Cir. 1985).

Plaintiffs are a prevailing party under EAJA because the relief obtained through the settlement materially alters the relationship of the parties and Court approval of the settlement would judicially sanction this alteration. *See Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health & Hum. Resources*, 532 U.S. 598, 604–05 (2001) (holding that a litigant is a prevailing party if the lawsuit resulted in a "material alteration of the legal relationship of the parties" and the alteration was "judicially sanctioned"); *Perez–Arellano*, 279 F.3d at 793 (holding that the *Buckhannon* rule regarding prevailing party status governs EAJA fee applications). The "material alteration" inquiry asks whether the relief modifies a defendant's behavior in a way that directly benefits the plaintiff. *Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1087 (9th Cir.2003) (citing *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002)). Here, Defendants' implementation of expedited DD-214 correction and review processes under the settlement agreement benefits the class of veterans separated pursuant to DADT and its predecessor policies. For purposes of settlement, Defendants also do not contend that the government's position was substantially justified or that an award of attorneys' fees and costs is unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir.1988) (holding that a prevailing party in litigation against the government receives a rebuttable

presumption that it is entitled to EAJA fees unless the government is able to show its position was substantially justified); ECF No. 82-1 ¶ 35.

The requested award of $350,000 in total attorneys' fees and costs is reasonable. When calculated at the 2024 EAJA statutory maximum rate of $251.84 per hour,[11] this compensates Plaintiffs' attorneys for approximately 1,389.8 hours of work. Rifkin Decl. ¶ 23. As set forth in Plaintiffs' motion for preliminary approval, as of September 2024, counsel had spent approximately 4,577.1 hours on this matter and incurred approximately $17,000 in costs and litigation expenses. ECF No. 82-1 ¶ 52. Since September 2024, Plaintiffs' attorneys have done substantial additional work necessary to the litigation, including negotiating with Defendants to finalize the settlement agreement, preparing class notice, preparing and filing the motion for conditional class certification and preliminary approval and supporting declarations, implementing the class notice plan, and preparing and filing the instant motion for class certification, final approval, and award of fees. Rifkin Decl. ¶ 25. The requested amount of $350,000 in fees and costs is thus more than a 70% reduction of Plaintiffs' lodestar at the 2024 EAJA rate, which more than accounts for the diligent exercise of billing judgment and adjustments for the application of prior years' EAJA rates for work performed in those years. *Id.* ¶ 23; ECF No. 82-1 ¶ 54; ECF No. 82-2 ¶ 20; ECF No. 82-3 ¶ 22; ECF No. 82-4 ¶ 19; *see also Bronson*, 2020 WL 1503662, at *5 (approving requested fee award of $487,000 where "[t]he amount comports with the settlement" and "the fees sought represent approximately thirty-four percent of the claimed lodestar, yielding a 'negative multiplier.'"); *Moreno v. San Francisco Bay Area Rapid Transit District*, 17-cv-02911-JSC, 2019 WL 343472, at *6 (N.D. Cal. Jan. 28, 2019) (finding requested fee award of $57,000 as set forth in settlement reasonable where counsel agreed "to accept a very significant lodestar discount. The fees sought represent approximately one third of Class Counsel's actual lodestar."). Indeed, even when considering only the work of the two primary attorneys at each co-counsel organization, Plaintiffs' counsel spent more than 2,663 hours on this matter and are requesting compensation at EAJA rates for only

---

[11] United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 3, 2025). Plaintiffs' motion for preliminary approval cited the 2023 EAJA rate because the 2024 rate had not yet been posted.

1    approximately half of those hours.  Rifkin Decl. ¶ 24.

2          The requested fees are also reasonable in light of courts' discretion to award a fee higher than

3    the statutory EAJA rate based on special factors, such as when plaintiffs' attorneys possess a

4    specialty practice or distinctive knowledge and skills, the distinctive knowledge and skills are

5    necessary to the litigation in question, and similar skills could not have been obtained at the statutory

6    rate.  *See Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989); *Ms. L v. U.S. Immigration and*

7    *Customs Enforcement*, No. 18-cv-00428 (S.D. Cal. Nov. 5, 2024), ECF No. 757 at 1-2.  Plaintiffs

8    could reasonably argue this special factor applies here and justifies a rate enhancement, but in the

9    interest of obtaining timely relief for the settlement class, Plaintiffs forego seeking these higher rates.

10   V.   **CONCLUSION**

11         For the foregoing reasons, Plaintiffs respectfully request that the Court certify the settlement

12   class, grant final approval of the settlement, award $350,000 in reasonable attorneys' fees and costs

13   to Plaintiffs, and enter final judgment in this action.

14

15   Dated:  February 12, 2025          CALIFORNIA WOMEN'S LAW CENTER
                                        IMPACT FUND
16                                      KING & SPALDING, LLP
                                        HAYNES AND BOONE, LLP
17

18                                      By:_____
19                                          Fawn Rajbhandari-Korr

20                                          Jocelyn Larkin (SBN 110817)
21                                          Lindsay Nako (SBN 239090)
                                            Lori Rifkin (SBN 244081)
22                                          Fawn Rajbhandari-Korr (SBN 315888)
                                            Meredith Dixon (SBN 346864)
23                                          IMPACT FUND
                                            2080 Addison Street, Suite 5
24                                          Berkeley, CA 94704
                                            Telephone: (510) 845-3473
25                                          jlarkin@impactfund.org
26                                          lnako@impactfund.org
                                            lrifkin@impactfund.org
27                                          fkorr@impactfund.org
                                            mdixon@impactfund.org
28

Elizabeth Kristen (SBN 218227)
CALIFORNIA WOMEN'S LAW CENTER
360 N. Pacific Coast Hwy., Suite 2070
El Segundo, CA 90245
Telephone: (323) 951-1041
elizabeth.kristen@cwlc.org

David K. Willingham (SBN 198874)
Rachel Yeung (SBN 317361)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4433
dwillingham@kslaw.com
ryeung@kslaw.com

Radha Manthe, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
rmanthe@kslaw.com

Chelsea Corey, *pro hac vice*
HAYNES AND BOONE, LLP
50 S. Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: (980) 771-8251
chelsea.corey@haynesboone.com

*Attorneys for Plaintiffs*