Jocelyn Larkin (SBN 110817)
jlarkin@impactfund.org
**IMPACT FUND**
2080 Addison Street, Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Facsimile: (510) 845-3654

Elizabeth Kristen (SBN 218227)
Elizabeth.kristen@cwlc.org
**CALIFORNIA WOMEN'S LAW CENTER**
360 N. Pacific Coast Hwy., Suite 2070
El Segundo, CA 90245
Telephone: (323) 951-1041

David Willingham (SBN 198874)
dwillingham@kslaw.com
**KING & SPALDING, LLP**
633 West Fifth Street, Suite 16006
Los Angeles, CA 90071
Telephone: (213) 443-4433
Facsimile: (213) 443-4310

Chelsea Corey (*pro hac vice*)
chelsea.corey@haynesboone.com
**HAYNES AND BOONE, LLP**
50 S. Tryon Street, Suite 700
Charlotte, NC 28202
Telephone: (980) 771-8251
Facsimile: (980) 771-8201

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FARRELL, JAMES GONZALES, JULIANNE "JULES" SOHN, STEPHAN "LILLY" STEFFANIDES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE; LLOYD J. AUSTIN III, Secretary, United States Department of Defense, in his official capacity; CHRISTINE WORMUTH, Secretary, United States Army, in her official capacity; CARLOS DEL TORO, Secretary, United States Navy, in his official capacity; FRANK KENDALL, Secretary, United States Air Force, in his official capacity,<br><br>        Defendants. | Case No.: 3:23-CV-04013-JCS<br><br>CIVIL RIGHTS ACTION<br><br>CLASS ACTION<br><br>**DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND REASONABLE ATTORNEYS' FEES AND COSTS; AND EXHIBITS**<br><br>Judge:     Hon. Joseph Spero<br>Date:      March 12, 2025<br>Time:      9:30 a.m.<br>Location:  Courtroom D, 15th Floor |

I, Lori Rifkin, declare as follows:

1.     I am an attorney licensed to practice law in the state of California and before this Court, and am counsel of record for Plaintiffs in this case. I submit this declaration in support of Plaintiffs' Motion for Class Certification, Final Approval of Class Action Settlement, and Attorneys' Fees and Costs. I have personal knowledge of the facts contained in this declaration and, if called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2.     I am the Litigation Director of the Impact Fund, a nonprofit legal foundation that supports complex public interest litigation with grants and training. I have been closely involved in litigation, negotiations, and settlement of this case on behalf of the Impact Fund.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of the January 3, 2025 fully executed Settlement Agreement ("SA") between the Parties to this litigation.

4.     Attached hereto as **Exhibit 2** is a true and correct copy of the class notice ("Notice"), approved and updated per the Court's January 8, 2025 Order, ECF No. 85, which the parties have posted online and distributed in accordance with the approved notice plan.

5.     Defendants' counsel have represented to me that they do not oppose Plaintiffs' Motion for Class Certification, Final Approval of Class Action Settlement, and Attorneys' Fees and Costs, and that they intend to file a statement of non-opposition.

### Settlement Agreement

6.     This proposed settlement establishes two streamlined procedures to systematically correct veterans' DD-214s over the course of a three-year period to remove sexual orientation indicators, upgrade Re-Entry codes, and provide an expedited discharge upgrade review process for veterans who received characterizations of discharge below Honorable. This relief will alleviate the burdens of the current individualized process that creates prejudicial barriers for the class. If approved, the settlement will yield expedited, certain, and substantial relief, without the considerable burdens, risks, and delays of ongoing and strongly contested federal court litigation.

7.     I believe that the settlement is in the best interests of the class. The settlement is fair, reasonable, adequate, and an excellent outcome for veterans who have endured ongoing injury resulting from discharge based on sexual orientation in violation of their constitutional rights.

8.      Class Representatives and Class Counsel are well-suited to represent the class and have demonstrated their commitment to the class over the course of this litigation.

9.      Impact Fund attorneys and staff worked diligently with co-counsel and committed significant resources to investigate and litigate the claims in this case.  The procedural background and litigation and settlement negotiation history are detailed in my Declaration previously filed in Support of Plaintiffs' Motion for Conditional Class Certification, Preliminary Approval of the Class Action Settlement and Reasonable Attorneys' Fees and Costs, ECF No. 82-1, and incorporated herein.

10.     The Impact Fund team assessed the proposed settlement agreement in consultation with co-counsel and Class Representatives, and based on our thorough investigation of this case, prior litigation experience, and additional information obtained through the course of settlement discussions.

11.     Throughout the settlement process, I had a firm understanding of the risks and benefits of further litigation.  I strongly believe in the merits of Plaintiffs' case.  However, Plaintiffs' claims involve disputed legal issues that the parties have been litigating since the beginning of the action, and there is a possibility the class might not be certified, or Plaintiffs' claims may fail on the merits.  Moreover, class claims pending against the government given the change of administration could result in many more delays, along with the delays inherent to class action litigation based upon the complexity of the claims, length of discovery, and the calendaring of civil matters for resolution.

12.     Given the substantial risks of this litigation, I believe that the proposed settlement is in the best interests of the proposed settlement class.  The settlement is fair, reasonable, and adequate, and will meaningfully remediate the ongoing discrimination resulting from the sexual orientation indicators that remain on veterans' DD-214s.

### Class Notice

13.     The parties implemented the notice plan described in the settlement and approved by the Court in its January 8, 2025 Order.  ECF No. 85.

14.     The Notice, updated per the Court's Order, is attached hereto as Exhibit 2.  The Notice has been posted on a public-facing Department of Defense website and on Plaintiffs'

counsel's case website and shared with various LGBTQ+ and veterans' community groups, legal clinics, and related listservs across the country. The Impact Fund and Legal Aid at Work have also posted the Notice and/or summaries thereof on their organizations' social media accounts.

15.     The parties issued press releases with information about the settlement, which was subsequently covered by various news outlets in written articles and live video interviews.

16.     Class counsel have received numerous communications from class members who learned about the settlement through the notice process, and class member responses to the settlement have been positive. Class Counsel have received no objections from class members.

17.     Within three months of final approval of the settlement, Defendants will mail letters to class members on the list that inform them of their opportunity to request changes to their DD-214s. The letters will be sent by means that permit tracking and return notice of forwarding address or non-deliverability but do not require signature of the recipient. Because of privacy concerns and risk of compounding the harms described in this case, these individualized letters will not specify the nature of the changes relating to sexual orientation but will inform recipients that they must return a signed and dated form to obtain a correction to their DD-214.

18.     Because DOD has informed Plaintiffs that it does not have electronic records or any means of conducting a search of records for veterans discharged prior to January 1, 1980 other than by going through the file of every veteran by hand to determine whether a veteran was discharged on the basis of sexual orientation, the settlement does not require Defendants to proactively identify or send letters to class members discharged prior to January 1, 1980. However, these class members are eligible for the settlement relief, and the notice plan is designed to try to reach as many of these individuals as possible.

**Reasonable Attorneys' Fees and Costs**

19.     The Impact Fund was founded in 1992, and provides advice, counseling, and training in class action and complex litigation for social justice litigators. The Impact Fund maintains an active class action litigation docket, has authored dozens of amicus briefs in class actions cases, and has participated in hearings of the federal Advisory Committee on Civil Rules regarding rules of civil procedure, particularly Rule 23. I set forth the experience and qualifications of each of Impact

Fund's attorneys who worked on this case in my Declaration previously filed in Support of Plaintiffs' Motion for Conditional Class Certification, Preliminary Approval of the Class Action Settlement and Reasonable Attorneys' Fees and Costs, ECF No. 82-1, and incorporated herein.

20. The settlement agreement provides for Defendants to pay Plaintiffs $350,000 in reasonable attorneys' fees and costs. The Parties negotiated attorneys' fees and costs independent of the injunctive relief set forth in the settlement, and the settlement is not conditioned upon the Court's approval of any attorneys' fees or costs.

21. Contemporaneous billing records of Plaintiffs' counsel through September 30, 2024, show that counsel combined spent 4,577.1 hours on this matter and incurred approximately $17,000 in litigation costs and expenses. Using the 2024 EAJA statutory maximum rate of $251.84 per hour, this results in an estimated lodestar of $1,152,697.

22. Impact Fund attorneys and paralegals spent 1978 hours on this matter through September 30, 2024. Using the 2024 EAJA statutory maximum rate of $251.84 per hour, this would result in an estimated lodestar of $483,858.36. Using Impact Fund's customary and usual billing rates, the estimated lodestar is $1,612.220. Impact Fund has incurred approximately $5,000 in litigation costs and expenses.

23. Payment of $350,000 for attorneys' fees and costs represents approximately 30% of Plaintiffs' counsel's lodestar through September 30, 2024 using the 2024 EAJA rate. When calculated at the 2024 EAJA statutory maximum rate of $244.62 per hour, payment of $350,000 compensates Plaintiffs' attorneys for approximately 1,389.8 hours of work, which is less than Impact Fund's lodestar alone. Based on my experience, this amount is a very high reduction in Plaintiffs' fees and costs, even when accounting for the diligent exercise of billing judgment and application of the earlier years' EAJA rates for work performed in those years.

24. In order to test for reasonableness, Plaintiffs' counsel also assessed their lodestar when looking at billing records for only the two primary attorneys (defined as the attorneys who completed the most work on the case) at each co-counsel organization. The estimated lodestar for the primary attorneys through September 30, 2024, at 2024 EAJA rates, is $670,751, reflecting 2,663.4 hours of work. Plaintiffs' requested attorneys' fees and costs are only approximately 52% of

the lodestar through September 30, 2024 for just those attorneys, and less than 50% of the lodestar when accounting for the additional work by Plaintiffs' counsel since then.

25. Since September 2024, Plaintiffs' attorneys have done substantial additional work necessary to the litigation, including: negotiating with Defendants to finalize the settlement agreement throughout October 2024 to final execution on January 6, 2025; preparing class notice; preparing and filing the motion for conditional class certification and preliminary approval and supporting declarations from counsel and named Plaintiffs; implementing the class notice plan; and preparing and filing the instant motion for class certification, final approval, and award of fees.

26. In the interest of obtaining timely relief for the Settlement Class, Plaintiffs and Plaintiffs' counsel are willing to forego seeking higher fees or a fee enhancement based on the presence of a special factor such as the distinctive knowledge and skills of Plaintiffs' counsel necessary for successful litigation of this case.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that this declaration was executed on February 12, 2025, in Berkeley, California.

*/s/ Lori Rifkin*
_____
Lori Rifkin

Attorneys for Plaintiffs and
Conditionally Certified Settlement Class

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
### In *Farrell v. U.S. Dep't of Def.*, 3:23-cv-04013-JCS (N.D. Cal.)

As the Secretary of Defense recently stated, for decades, Department of Defense ("DoD") policies required gay and lesbian Service members to hide their sexual orientation or prevented them from serving altogether. Even still, those service members, including the Settlement Class members, "selflessly put themselves in harm's way for the good of our country and the American people." Statement by Secretary of Defense Lloyd J. Austin III on the Twelfth Anniversary of the Repeal of Don't Ask Don't Tell. In recognition of the Settlement Class members' service and sacrifice, the Defendants acknowledge that certain service members, including Settlement Class members, may have an error or injustice in their record that warrants corrections to service characterization, changes to the narrative describing the basis for discharge, changes to separation and reentry codes, or other appropriate relief. Accordingly, and in the interest of resolving all claims in the Civil Action captioned *Farrell v. U.S. Dep't of Def.*, 3:23-cv-04013-JCS (N.D. Cal.) without the expense, delay, and inconvenience of further litigation of the issues raised in the Civil Action, and in reliance upon the representations, mutual promises, covenants, and obligations set out in this Settlement Agreement ("Agreement"), and for good cause and valuable consideration also set out in this Settlement Agreement, the parties, through their undersigned counsel of record, hereby stipulate and agree as follows:

## I.    GENERAL PROVISIONS

### A.    Recitals

1. On August 8, 2023, Plaintiffs filed a Complaint alleging that Defendants' failure to remove indicia of their sexual orientation and to otherwise correct their discharge paperwork violated the Constitution. Dkt. No. 1.

2. On October 26, 2023, Plaintiffs filed an Amended Complaint (the "Complaint") containing the same allegations. Dkt. No. 43.

3. On June 20, 2024, the district court issued an order denying Defendants' motion to dismiss the Complaint. Dkt. No. 67.

**B.    Definitions**

4. The defined terms set forth below, and as otherwise defined herein, will have the meanings ascribed to them for the purposes of this Settlement Agreement.

   a. "Administratively separated" means discharged from a Military Service with a non-punitive discharge.

   b. "Availability Date" means the date that the administrative change process described in paragraph 6 and the group Board review process described in paragraph 7 are made available to begin accepting and processing requests from Class Members. Class Member requests to be included in the administrative change and group Board review processes will be accepted for at least three years from the Availability Date, and any requests received within that time period will be completed regardless of whether the three-year period has ended. The Availability Date may be different for each Service Branch. The Department of Defense will clearly post the 3-year period running from the Availability Date(s) on its public facing website.

   c. "Civil Action" means the civil action captioned *Farrell v. U.S. Dep't of Def.*, 3:23-cv-04013-JCS (N.D. Cal.).

   d. "Class" or "Settlement Class" means veterans of the U.S. Army, U.S. Navy, U.S. Air Force, and U.S. Marine Corps who were administratively separated prior to September 20, 2011, and whose most recent Service separation document shows

their basis for discharge was sexual orientation, homosexual conduct, homosexual admission, homosexual marriage, similar language, or a policy title or number signifying separation for sexual orientation.

e. "Class Counsel" means Chelsea Corey, Haynes & Boone LLP; David Willingham, Radha Sathe Manthe, Rachel T. Yeung, King & Spalding LLP; Elizabeth Kristen, Lynnette Miner, Legal Aid at Work; and Jocelyn D. Larkin, Lindsay Polastri Nako, Lori Rifkin, Fawn Jade Korr, Meredith Dixon, Impact Fund.

f. "Class Representatives" means and includes Sherril Farrell, James Gonzales, Julianne "Jules" Sohn, and Stephan "Lilly" Steffanides.

g. "Defendants" means United States Department of Defense; Lloyd J. Austin, III, in his official capacity as Secretary, United States Department of Defense; Christine Wormuth, in her official capacity as Secretary of the United States Army; Carlos Del Toro, in his official capacity as Secretary of the United States Navy; and Frank Kendall, in his official capacity as Secretary of the United States Air Force; or their successors.

h. "Don't Ask, Don't Tell" or "DADT" means Section 571 of the National Defense Authorization Act for Fiscal Year 1994 and Department of Defense policies implementing that section in effect between February 28, 1994, and September 20, 2011.

i. "DD-214" means a Department of Defense DD Form 214, Certificate of Release or Discharge from Active Duty.

j. "District Court" and "Court" mean the United States District Court for the Northern District of California.

k. "Entry Level Separation" means an administrative separation initiated when an enlisted service member is in an entry level status (for Settlement Class members typically before the completion of 180 days of service) and otherwise has the same meaning as the Department of Defense or Military Service Instructions or Regulations governing Enlisted Administrative Separations that were in effect when the separation was processed.

l. "Effective date" or "effective date of this Agreement" means the date that the Final Approval order is entered. In the event that a class member submits an objection to the settlement and the court overrules the objection, the parties will meet and confer regarding whether the Effective Date should be adjusted in light of the likelihood, the relative merits, and the scope of any potential appeal. In the event that the parties cannot reach agreement, defendants may apply to the district court or the Ninth Circuit for a stay of implementation of this Agreement.

m. "Military Departments" means and includes the Department of the Army, the Department of the Air Force, and the Department of the Navy.

n. "Military Services" means and includes the U.S. Army, U.S. Navy, U.S. Air Force, and U.S. Marine Corps.

o. "Narrative Reason" means the explanation included on a veteran's service separation document that corresponds to the assigned Separation Program Designator (SPD) code.

p. "Parties" means and refers to Named Plaintiffs and Defendants.

q. "Plaintiffs" or "Named Plaintiffs" means and includes the Class Representatives.

r. "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the period for objections and the date, time and location of the Fairness Hearing.

s. "Pre-DADT policy" or "Pre-DADT policies" means Department of Defense or Military Services policy prior to the adoption of DADT indicating the basis of administrative separation was sexual orientation, homosexual conduct, homosexual admission, homosexual marriage, or a similar basis referencing sexual orientation.

t. "Reason and Authority" means the explanation for discharge included on a veteran's service separation document issued prior to the Military Department's use of SPD codes.

u. "RE code" means the Reentry code on a veteran's service separation document that provides a characterization of the veteran's eligibility to re-enter the military following an administrative separation.

v. "Service separation document" means (1) for Veterans of the U.S. Army, U.S. Navy, U.S. Air Force, and U.S Marine Corps who were administratively separated after December 31, 1949, and prior to September 20, 2011, the DD Form 214, otherwise known as a "Certificate of Release or Discharge from Active Duty" and (2) for Veterans of the U.S. Army, U.S. Navy, U.S. Air Force, and U.S Marine Corps who were administratively separated prior to January 1, 1950, the report of separation form serving as the functional equivalent of the DD Form 214.

w. "Settlement Class Category" means Settlement Class Category A, Settlement Class Category B, Settlement Class Category C, Settlement Class category D, Settlement

Class Category E, Settlement Class Category F, Settlement Class Category G, Settlement Class Category H, and Settlement Class Category I. Each member of the Class is assigned to one of these nine categories based on the date of their separation and the characterization of their discharge.

| Settlement Category | Characterization of Service | Time Period Covered |
| --- | --- | --- |
| A | Honorable | February 28, 1994 – September 20, 2011 |
| B | Entry Level/Uncharacterized | February 28, 1994 – September 20, 2011 |
| C | General Under Honorable Conditions or Under Other Than Honorable | February 28, 1994 – September 20, 2011 |
| D | Honorable | January 1, 1980 – February 27, 1994 |
| E | Entry Level/Uncharacterized | January 1, 1980 – February 27, 1994 |
| F | General Under Honorable Conditions or Under Other Than Honorable | January 1, 1980 – February 27, 1994 |
| G | Honorable | Prior to January 1, 1980 |
| H | Entry Level/Uncharacterized | Prior to January 1, 1980 |
| I | General Under Honorable Conditions or Under Other Than Honorable | Prior to January 1, 1980 |

x. "Settlement Class Category A" means veterans who were administratively separated and received an Honorable Characterization of Discharge from Military Service and have an SPD code on their DD-214 that indicates that DADT was a reason for their administrative separation.

y. "Settlement Class Category B" means veterans who were administratively separated and received an Uncharacterized Discharge as a result of an Entry Level Separation from a Military Service and have an SPD code on their DD-214 that indicates that DADT was a reason for their administrative separation.

z. "Settlement Class Category C" means veterans who were administratively separated and received a General (Under Honorable Conditions) or an Under Other Than Honorable discharge characterization from a Military Service and have an SPD code on their DD-214 that indicates that DADT was a reason for their administrative separation, but does not include veterans who received all relief available under paragraph 7 from the Department of Defense proactive review process announced on September 20, 2023.

aa. "Settlement Class Category D" means veterans who were administratively separated on or after January 1, 1980, and received an Honorable Characterization of Discharge from a Military Service and have an SPD code on their DD-214 indicating that pre-DADT policies formed a reason for their administrative separation.

bb. "Settlement Class Category E" means veterans who were administratively separated on or after January 1, 1980, and received an Uncharacterized Discharge as a result of an Entry Level Separation from a Military Service and have an SPD code on their DD-214 indicating that pre-DADT policies formed a reason for their administrative separation.

cc. "Settlement Class Category F" means veterans who were administratively separated on or after January 1, 1980, and received a General (Under Honorable

Conditions) or an Under Other Than Honorable discharge characterization from a Military Service and have an SPD code on their DD-214 indicating that pre-DADT policies formed a reason for their administrative separation.

dd. "Settlement Class Category G" means veterans who were administratively separated prior to January 1, 1980, and received an Honorable Characterization of Discharge from a Military Service and have an SPD code on their service separation document indicating that pre-DADT policies formed a reason for their administrative separation or where the veteran's service separation document does not contain an SPD code the veteran received a service separation document where the Reason and Authority for discharge on the service separation document indicates that pre-DADT policies formed a reason for their administrative separation.

ee. "Settlement Class Category H" means veterans who were administratively separated prior to January 1, 1980, and received an Uncharacterized Discharge as a result of an Entry Level Separation from a Military Service and have an SPD code on their service separation document indicating that pre-DADT policies formed a reason for their administrative separation or where the veteran's service separation document does not contain an SPD code the veteran received a service separation document where the Reason and Authority for discharge on the service separation document indicates that pre-DADT policies formed a reason for their administrative separation.

ff. "Settlement Class Category I" means veterans who were administratively separated prior to January 1, 1980, and received a General (Under Honorable Conditions) or

an Under Other Than Honorable discharge characterization from a Military Service and have an SPD code on their service separation document indicating that pre-DADT policies formed a reason for their administrative separation or where the veteran's service separation document does not contain an SPD code the veteran received a service separation document where the Reason and Authority for discharge on the service separation document indicates that pre-DADT policies formed a reason for their administrative separation.

gg. "SPD code" means Separation Program Designator Code and is a three-character alphabetic combination identifying the reasons for and type of administrative separation.

hh. "Veteran" means a former service member.

**C.    Terms of Settlement Agreement**

5. Using the SPD codes identified in Attachment A, Defendants will prepare a list of class members whose identities may be obtained through Defense Manpower Data Center ("DMDC") computerized records, which contain information about separations under DADT and pre-DADT policies beginning in 1980. This class list will not include class members who were discharged prior to January 1, 1980. This class list will include names, social security numbers, dates of birth, Military Service (where such information is contained within existing DMDC computerized records), and the respective Settlement Class Category (where a Settlement class member's characterization of service can be obtained within existing DMDC computerized records). The class list will identify veterans known to be deceased but otherwise satisfying the class definition if that information is available. The class list will be sorted or sortable by the Military Department

in which the class member served. Defendants will complete the preparation of this list within three months of the Effective Date of the Agreement.

6. Within one month of the Effective Date, the Department of Defense will issue a memorandum directing the Secretaries of the Military Departments to establish a process allowing veterans in Settlement Class Category A, Settlement Class Category B, Settlement Class Category D, Settlement Class Category E, Settlement Class Category G, and Settlement Class Category H to request an administrative change to their DD-214 as follows if sexual orientation, homosexual conduct, homosexual admission, homosexual marriage, attempt to engage in homosexual conduct or homosexual marriage or similar language referencing sexual orientation was the sole basis for their discharge on their DD-214: (1) the narrative basis (i.e., reason) for separation changed to "Secretarial Authority," (2) the SPD code changed to correspond to the new narrative basis, and (3) the Re-Entry code upgraded to RE-1 (or a Re-Entry code equivalent to RE-1). The memorandum will direct that the changes described under this paragraph will not require the veteran to submit an application to a Military Correction Board or Military Discharge Review Board nor will the requested administrative change need to be adjudicated by a Military Correction Board or Military Discharge Review Board. The Administrative Change will be completed for eligible members of the Class who have requested the change in the same manner and on the same timetable as other administrative change requests not addressed by this Agreement. The memorandum will indicate that the requester will not be required to first obtain a copy of their DD-214 or other records of their military service. The memorandum will provide that Class members can apply for the administrative change procedures described in this paragraph within three months of the issuance of the Department of

Defense memorandum referenced in this paragraph and Class members will be permitted to apply for administrative changes for at least a three-year period following the date that the administrative change applications are first accepted by each Military Department (*i.e.*, the Availability Date). Processing of administrative change requests of any class members who have made such requests during this three-year period will be completed regardless of whether the three-year period has ended.

7.  The Secretary of each Military Department (or their delegee) will submit a series of group applications to their respective Military Department Board for Correction of Military or Naval Records pursuant to 10 U.S.C. § 1552(b) for veterans in Settlement Class Category C, Settlement Class Category F, and Settlement Class Category I that the applicable Military Department finds to be similarly harmed by the same error or injustice for review of the veterans' DD-214s (and corresponding military records) for potential upgrade of discharge characterization, and other corresponding corrections to their military records. Settlement Class members will be required to notify their respective Military Department that they seek to be considered for a group application (*i.e.*, "opt-in"). Class Members will have the opportunity to begin opting-in to the group application process within three months of the Effective Date. The first series of group applications will be submitted by the respective Secretaries of the Military Departments within nine months of the Effective Date, and, provided there are a sufficient number of applicants for a cycle, group applications should generally be submitted in no greater than 90 day intervals. Irrespective of the number of applicants in a cycle, Defendants will use reasonable diligence to submit the applications of veterans who opt-in and are certified as "similarly harmed by the same error or injustice" within 180 days of the date of the veteran's opt-in. Veterans in

Settlement Class Category C, Settlement Class Category F, and Settlement Class Category I will be able to opt-in to rolling group applications to the Military Department Board for Correction of Military or Naval Records for a period of three years after the Military Departments make the opt-in procedure available to members of the Class (*i.e.*, the Availability Date). Review of applications of any class members who have opted-in during this period will be completed regardless of whether the three-year period has ended.

a. Once a Secretary of a Military Department certifies the individuals in a group application submitted pursuant to the settlement agreement were "similarly harmed by the same error or injustice," the Secretary of the Military Department will submit a group application to the applicable Military Department Board for Correction of Military or Naval Records in accordance with 10 U.S.C. § 1552(b). Then, using guidance from Under Secretary of Defense for Personnel and Readiness Memorandum, "Correction of Military Records Following the Repeal of Section 654 of Title 10, United States Code," September 20, 2011, the Military Department Board for Correction of Military or Naval Records will conduct a case-by-case individualized review to assess whether each veteran's record warrants an upgrade to service characterization, a change to the narrative reason for discharge, changes to SPD and Re-Entry codes, or other appropriate relief. For purposes of the Military Department Board for Correction of Military or Naval Records (BCM/NR) review, the date of discovery of the error or injustice shall be the date the veteran's records are transmitted to the appropriate BCM/NR by the Secretary of the Military Department (or their delegate).

b. Defendants will notify each Class member who has opted into the process of the outcome of the Military Department Board for Correction of Military or Naval Records review for their claim, advise each Class member how to obtain a copy of their corrected DD-214, and provide information on the options the veteran has if their claim was denied.

c. A Class member who opts into the group application process but does not receive full relief from the Military Department Board for Correction of Military or Naval Records as permitted herein retains the right to file an individual application for upgrade through the usual Board correction process. The outcome of the group application for that Class Member will not be considered as part of the determination of their subsequent individual application for upgrade.

d. A Class member who does not opt into the group application process as permitted herein retains the right to file an individual application for upgrade through the usual Board correction process.

8. Within five months of the Effective Date of this Agreement, Defendants will send letters to Class members in Settlement Class Category A, Settlement Class Category B, Settlement Class Category C, Settlement Class Category D, Settlement Class Category E, and Settlement Class Category F, providing information on the Military Departments' respective processes detailed in paragraphs 6 and 7 of this Agreement and on how to request the administrative change or how to opt into the record review process. The letters will be sent by means that permit tracking and return notice of forwarding address or non-deliverability but do not require signature of the recipient. Defendants will not send letters described in this paragraph to individuals who cannot be identified for inclusion on the

class list, as described in paragraph 5, namely, veterans separated before January 1, 1980. Prior to sending the letters described in this paragraph, Defendants will provide drafts to Class Counsel for an opportunity to comment on clarity, readability, or accessibility of the information provided therein. However, final content of the letters will be within the discretion of Defendants.

a. In letters sent to class members in Settlement Class Category A, Settlement Class Category B, Settlement Class Category D, and Settlement Class Category E, Defendants will describe the criteria and process for the class member to obtain a corrected DD-214 through the administrative change process described in paragraph 6 of this agreement.

b. In letters sent to class members in Settlement Class Category C and Settlement Class Category F, Defendants will state that, to opt-into the group review described in paragraph 7 of this Agreement, the Class member need only partially fill out the DD Form 149, "Application for Correction of Military Records Under the Provisions of Title 10, U.S. Code, Section 1552," or other form or process designed to allow the Military Department or Department of Defense to maintain the information being submitted in an established system of records, by completing Section 1, 2 (and 5 and 6 if applicable), and signing and dating the form. Defendants will also inform the Class member that Defendants will obtain a copy of the Class member's military records to submit their application to the relevant Military Department Board for Correction of Military or Naval Records, provided that the class member provides Defendants sufficient information (*i.e.*, full name during the time they were in military service, social security number, date of birth, military service, and years of service) to locate

the Class member's record. For tracking purposes and so Defendants can more easily identify that the former service member is a Settlement class member, the letters will request that the Class member include the phrase "Farrell class action settlement" on block 13.

c. Letters providing information on the Military Departments' processes detailed in this Agreement will also be sent to class members administratively separated between January 1, 1980, and September 20, 2011, where DMDC data contains information sufficient to identify the class member and a SPD code that indicates DADT or pre-DADT policies formed a reason for that class member's administrative separation, but the class member's characterization of service or entry level status is not known through the DMDC database.

d. For letters returned undeliverable, Defendants will undertake a reasonable effort to re-mail the letter where updated address information is available through tracing. Defendants will not be required to undertake tracing for any individual Class member more than once.

9. Within three months of the Effective Date, each Military Department will establish a website (or post on an existing website) the processes set forth in paragraphs 6 and 7. An email address will be posted on a website for each Military Department and will also be included in the letters described in paragraph 8. The purpose of the website and email address will be to aid Class members in applying for relief pursuant to the processes set forth in paragraphs 6 and 7. The website and email address described in this paragraph will remain available for the duration of the processes set forth in paragraphs 6 and 7.

10. If a Class member is deceased or dies during the three-year term of the relief processes, their estate or next of kin may obtain the relief described in paragraph 6 or 7 on that veteran's behalf, but Defendants have no obligation to send the letters as set forth in paragraph 8 to the estate or next of kin of any Class member.

11. The Department of Defense will post in plain language on its public facing website information relevant to the various forms of relief described in this agreement. The information will be posted on the website within four months of the Effective Date of this Agreement and will continue to be posted for at least three years thereafter. Defendants will update the website at regular intervals for the term of the final settlement agreement.

12. In addition to the letters described in paragraph 8 of this Agreement, Defendants will publicize the availability of the procedures for record correction described in paragraphs 6 and 7 by sending notices to veterans and relevant veteran community groups, including but not limited to the U.S. Department of Veterans Affairs, Vietnam Veterans of America, The Veterans of Foreign Wars of the United States, and the American Legion.

13. Each Military Department will designate a point of contact who will provide Settlement Class members with assistance applying for relief pursuant to the processes set forth in Paragraphs 6 and 7. Such personnel will be able to be contacted by Settlement Class members through the email address as described in paragraph 9.

14. Defendants will provide Class Counsel with the following information within eight months of the Effective Date of this Agreement and every six months thereafter for a period of three years: (1) the number of veterans who have sought a correction of their record as described in paragraph 6; (2) the number of veterans who have obtained a correction of their record as described in paragraph 6; (3) the number of veterans who have sought a

correction of their record as described in paragraph 7; (4) the number of veterans who have obtained a correction of their record as described in paragraph 7.

15. Following the execution of this Agreement by the Parties, Defendants may rely on this Agreement to initiate any of the terms described in Section C (paragraphs 5-14) of this Agreement prior to the Effective Date of this Agreement. Defendants' initiation of terms of this Agreement prior to Final Approval does not waive any rights under this Agreement.

16. The Parties agree that the terms of this Agreement are fair, reasonable, and adequate, and that this Agreement provides substantial benefits to the Class Members and is in the Class's best interests.

   i.   *Relief for Class Representatives*

17. Defendants agree that Plaintiff Sherril Farrell may opt into the upgrade process described in paragraph 7 of this Agreement. Farrell's application will be included in the first batch of upgrade requests submitted to the Board for Corrections of Naval Records.

18. Defendants agree that Plaintiff James Gonzales may opt into the upgrade process described in paragraph 7 of this Agreement. Gonzales's application will be included in the first batch of upgrade requests submitted to the Board for Corrections of Naval Records.

19. Defendants agree that Plaintiff Jules Sohn may submit an application for the administrative change process described in paragraph 6 of this Agreement. Sohn's application will be the first application addressed by Defendants under the process described in paragraph 6.

20. Defendants agree that Plaintiff Lilly Steffanides may opt into the upgrade process described in paragraph 7 of this Agreement. Steffanides's application will be included in the first batch of upgrade requests submitted to the Board for Corrections of Naval Records, provided however that Defendants may expedite Plaintiff Steffanides's application for

Board for Corrections of Naval Records review separate from the group application process for medical need.

**D.     Settlement Class Certification, Class Notice, Approval, and Stipulation of Dismissal**

21. Plaintiffs will submit this Agreement and its Attachments to the District Court along with a motion for its preliminary approval ("Motion for Preliminary Approval"). This Motion for Preliminary Approval will note Defendants' non-objection to this motion. The Motion for Preliminary Approval will specifically request that the Court set a hearing on the motion and will be accompanied by, among other documents, this Agreement and its incorporated Attachments. The Motion for Preliminary Approval will specifically request that the Court:

   a. Find that it will be likely to certify the class definition, for settlement purposes, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), conforming to the definition of "Class" in this Agreement**;**

   b. Find that it will be likely to appoint Class Counsel to represent the Settlement Class under Federal Rule of Civil Procedure 23(g);

   c. Find that the requirements for preliminary approval under Federal Rule of Civil Procedure 23 are satisfied, including that the Agreement should be preliminarily approved as fair, reasonable, and adequate;

   d. Approve the Parties' Notice plan, as identified in paragraphs 23-24, for dissemination of notice of this Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1);

   e. Set a date and procedure by which objections from Class members must be filed in accordance with this Agreement; and

f. Set a date for the Fairness Hearing approximately 60 days after preliminary approval, at which time the Court will determine whether the Agreement should be finally approved under Federal Rule of Civil Procedure 23(e).

22. Defendants agree solely for the purposes of this Agreement and its implementation that the Civil Action shall proceed as a class action under Federal Rule of Civil Procedure 23(b)(2) with a class definition that conforms to the definition of the "Class" in paragraph 4.c of this Agreement, but if such Agreement is not approved, or if final approval is not granted following the appeal of any order by the Court, or if for any reason the Effective Date of this Agreement does not occur, or if this Agreement is not consummated, then the class certification order shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to execution of this Agreement and Defendants retain all rights to object to the maintenance of this Civil Action as a class action and retain all rights to object that any modified class definition satisfies the requirements of Federal Rule of Civil Procedure 23. Any certification of the class for settlement purposes is not an admission by Defendants that class certification is proper in this Civil Action or in any other litigation against Defendants.

i. *Class Notice*

23. The Parties agree that individualized class notice to every Class member is not necessary or practicable. The Parties agree to the form and content of the Class Notice included in Attachment B.

24. Notice will be provided to the Settlement Class as follows:

a. Defendants will post the Class Notice on a public-facing Department of Defense.

b.  Class Counsel will publish information about the Settlement, including the Class Notice, on their case website.

c.  Class Counsel will distribute the Class Notice and/or a summary of the information contained therein to LGBTQ and veterans organizations, legal clinics, and any related list-servs, across the country.

d.  Class Counsel will post a summary of the information contained in the Class Notice to social media channels.

e.  The Parties will issue a press release with links to the Class Notice at the Defendants' and Class Counsel's website.

25. If the Court determines that the agreed-upon notice to Class members described herein is insufficient, the Parties will negotiate in good faith in an attempt to agree on a reasonable notice procedure for approval by the Court.

   *ii.   Objections*

26. Any Class member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement, or the request for attorneys' fees and reimbursement of litigation costs and expenses, must file with the Clerk of Court and serve all counsel, no later than twenty-one (21) days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class member wishes to introduce in support of the objection, whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and whether the Class member intends to appear at the Fairness Hearing.  Class members may so act either on their own or through any attorney hired at their own expense.

27. Any Class member who files and serves a written objection in accordance with the foregoing paragraph may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement or the settlement contemplated hereby, provided, however, that a Class member who does not timely file and serve such a written objection will not be heard at the Fairness Hearing.

28. Subject to the Court's discretion to hold otherwise, any Class member (or Class member's attorney) who has not complied with the provisions of paragraphs 25 and 26 will waive and forfeit any and all rights the Class member may have to appear separately or to object and will be bound by the terms of the Settlement and by all of the proceedings, order and judgments in the Civil Action.

### iii. *Motion for Final Approval, Fairness Hearing, and Stipulation of Dismissal*

29. On the date set by the Court in the Preliminary Approval Order, Plaintiffs will file a Motion for Final Approval requesting that the Court, among other things (a) affirm the Settlement Class definition for settlement purposes, (b) approve the Settlement Agreement as final, fair, reasonable, adequate, and binding on all Class members, (c) appoint Class Counsel pursuant to Federal Rule of Civil Procedure 23(g); and (d) approve payment of reasonable attorneys' fees and reimbursement of litigation costs that are authorized by this Agreement and Federal Rule of Civil Procedure 23(h).

30. Any Party may respond to any timely filed objections no later than seven (7) days before the scheduled date of the Fairness Hearing.

### iv. *Stipulation of Dismissal*

31. Plaintiffs and the Class agree to the dismissal of this case with prejudice subject to the terms of the Settlement Agreement. Immediately following, and no later than the day after

final approval of the Settlement Agreement, the parties will file a joint stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). A copy of the joint stipulation of dismissal to be filed is attached as Attachment C to this Agreement.

**E.     Class Release**

32. In consideration of the relief provided for herein, Class members fully release Defendants from any claims, causes of action and/or requests for relief that would be barred by the doctrine of res judicata were final judgment on the merits entered on all claims asserted in the Civil Action, provided however that nothing herein releases subsequent individualized damage claims by Class members, even if based on the same events described in the Complaint filed in this Civil Action, and provided further that nothing herein releases subsequent individualized claims by class members seeking judicial review, under the general review provisions of the Administrative Procedure Act, 5 U.S.C. § 706, of agency action related to any request for correction of military records.

33. Class members do not waive their rights to apply through the usual Board review processes for any relief not obtained through the procedures set forth in this Settlement.

**F.     Attorneys' Fees and Costs**

34. Defendants shall pay Plaintiffs, through undersigned counsel, $350,000.00 for attorneys' fees, costs, and other litigation expenses reasonably incurred in the Civil Action for injunctive relief (the "Attorneys' Fees and Costs Payment"). The Attorneys' Fees and Costs Payment constitutes full and complete satisfaction of Plaintiffs' claims for attorneys' fees and costs in the Civil Action, and any and all potential claims that Plaintiffs and the Class may have for attorney fees, costs, and other litigation expenses associated with the Civil Action, inclusive of any interest. Defendants will effectuate the payment within approximately 90 days of the Effective Date of this Agreement. Defendants will pay the

above amount by wire transfer to an account at a financial institution designated in writing by counsel for Plaintiffs, consistent with the normal processing procedures followed by Defendants and the United States Department of the Treasury. Plaintiffs' counsel will provide Defendants' counsel the bank routing and account information for the account to receive such payments as well as all required documents and information needed by Defendants and/or the Department of the Treasury, consistent with the normal processing procedures followed by the Department of the Treasury. Defendants will promptly prepare and submit all required documentation for processing and disbursement of the payments set forth above to ensure that payment is made within the timeline set forth above.

35. The Plaintiffs assume liability for any tax consequences that may arise from this Agreement. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiffs. This Agreement is executed without reliance upon any representation by Defendants as to tax consequences, and the Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement payments. Further, nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendants as to the application of any such law.

**G.    Conditions that Render Settlement Agreement Void or Voidable**

36. This Settlement Agreement shall be voidable by either party if not approved as written at any stage by the Court. In the event the Court declines to grant Final Approval of this Agreement, the parties will promptly meet and confer in good faith in an attempt to address any concerns raised at Final Approval.

**H.   Effect of Settlement Agreement if Voided**

37. If this Settlement Agreement is not approved, the case will proceed as if no settlement has been attempted.   In that event, the class certified for purposes of settlement will be decertified, and Defendants retain the right to contest whether this action should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs in this Action.

38. All negotiations in connection herewith, and all statements made by the Parties at or submitted to the District Court as part of a Fairness Hearing process, shall be without prejudice to the Parties to the Settlement Agreement and shall not be deemed or construed to be an admission by any party of any fact, matter, proposition, nor admissible for any person in the Civil Action other than with respect to settlement of same.

39. The Parties retain all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Civil Action, and nothing in this Agreement shall be raised or construed by any party, Class Member, or party's counsel, to defeat or limit any claims, defenses, arguments, or motions asserted by either party.   Neither this Agreement, nor the fact of its having been made, nor any attachment or exhibit or other document prepared in connection with this Settlement Agreement, shall be admissible, entered into evidence, or used in any form or manner in discovery in the Civil Action or in any other action or proceeding for any purposes inconsistent with Rule 408 of the Federal Rules of Evidence.

**I.   Miscellaneous**

40. The Parties will cooperate fully with each other and use their best efforts to obtain the Court's approval of this Agreement and all of its terms.   Each of the Parties, upon the request of another Party, agrees to perform such further acts and to execute and deliver

such other documents as are reasonably necessary to carry out the provisions of this Agreement.

41. In the event of any dispute regarding the implementation of the relief provided by this Settlement Agreement, the Parties will meet and confer in person to attempt informal resolution of the dispute. If the dispute cannot be resolved at the meet and confer, the Parties will consider in good faith mediation and/or arbitration to address the dispute. Plaintiffs will retain the right to file an action for enforcement only after engaging, in good faith, with Defendants as described above to resolve the matter, provided however that any such action will be a new civil action in an appropriate court, and not additional proceedings in the Civil Action. The parties agree that nothing herein waives any defenses or arguments that Defendants may raise in any such action.

42. This Agreement has been entered into by Plaintiffs and Defendants solely for the purposes of compromising potentially disputed claims including an award of attorneys' fees, costs, and other litigation expenses in the Civil Action without protracted legal proceedings and avoiding the expense and risk of litigation regarding such claims. Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees or agents, or as an admission of any contested fact alleged by Plaintiffs in connection with Plaintiffs' claims to include a request for an award of attorneys' fees, costs, and other litigation expenses arising from the Civil Action. This Agreement may not be used as evidence or otherwise in any civil or administrative action

or proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

43. This Agreement contains the entire agreement between Plaintiffs and Defendants as to all claims including all claims for attorneys' fees, costs, and other litigation expenses in the Civil Action and supersedes all previous agreements, whether written or oral, between the Parties relating to Plaintiffs' claims including claims for attorneys' fees and other litigation expenses in the Civil Action. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection with the Agreement.

44. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the Party to be charged with the modification, amendment, or waiver, or by such Party's counsel or by order of a court of competent jurisdiction.

45. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

46. Plaintiffs warrant and represent that no other action or suit with respect to Plaintiffs' claims as released herein, including any claims for attorneys' fees, costs, and other litigation expenses advanced in the Civil Action is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and

represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to Plaintiffs' claims including any claims for attorney fees, costs, and other litigation expenses advanced in this suit.

47. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

48. The Parties to this Agreement will defend against any challenges to it in any forum.

49. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A portable document format (".PDF") signature, electronic image of a signature, or other duplicate of a signature shall have the same effect as a manually executed original. Each signatory to this Agreement represents and warrants that the signatory is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion. Unless context indicates otherwise, this agreement is effective on the Effective Date of this Agreement.

50. The headings in this Agreement are for convenience only and do not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

51. For purposes of this Agreement, the term "days" means calendar days, and whenever a deadline for an event lands on a Saturday, Sunday, or observed federal holiday, the deadline will be extended to the following business day.

DATED:  January 3, 2025

 

_____

Jocelyn Larkin (SBN 110817)
Lindsay Nako (SBN 239090)
Lori Rifkin (SBN 244081)
Fawn Rajbhandari-Korr (SBN 315888)
Meredith Dixon (SBN 346864)
IMPACT FUND

Elizabeth Kristen (SBN 218227)
Lynnette Miner (SBN 304276)
LEGAL AID AT WORK

David K. Willingham (SBN 198874)
Radha Manthe (admitted *pro hac vice*)
Rachel Yeung (SBN 317361)
KING & SPALDING LLP

Chelsea Corey (admitted *pro hac vice*)
HAYNES & BOONE, LLP

    *Counsel for Plaintiffs*

DATED:  January 3, 2025

BRIAN M. BOYNTON
  Principal Deputy Assistant Attorney
  General
ALEXANDER K. HAAS
  Director, Federal Programs Branch
LAUREN A. WETZLER
  Deputy Director, Federal Programs
  Branch
ANDREW E. CARMICHAEL
  Senior Trial Counsel
LIAM C. HOLLAND
  Trial Attorney

    *Counsel for Defendants*

## Attachment A: Paragraph 5 SPD Codes

| | |
|---|---|
| B60 | JRA |
| BKC | JRB |
| BLC | JRC |
| BML | KBA |
| BRA | KRA |
| BRB | KRB |
| BRC | KRC |
| DLC | LRB |
| DRA | ZZZ |
| FKC | |
| FML | |
| GKC | |
| GLC | |
| GML | |
| GRA | |
| GRB | |
| GRC | |
| HKC | |
| HLC | |
| HML | |
| HRA | |
| HRB | |
| HRC | |
| JJB | |
| JKC | |
| JLC | |
| JML | |



United States District Court
*Farrell et al. v. Department of Defense et al.*
Case No. 3:23-cv-04013-JCS

# Class Action Notice

## *Authorized by the U.S. District Court*

| If you served in the U.S. Armed Forces and your DD-214 references sexual orientation as a reason for your discharge | There is a proposed settlement of a lawsuit that would allow you to request a new DD-214 | Read this notice to learn about your rights |
|---|---|---|



### Important things to know:

- There is a proposed settlement of a class action lawsuit brought by veterans whose DD-214s reference sexual orientation as a reason for their discharge.

- If your DD-214 references sexual orientation **and** your discharge characterization is Honorable or Uncharacterized/Entry Level, you would be able to request a new DD-214 that does not reference sexual orientation.

- If your DD-214 references sexual orientation **and** your discharge characterization is General Under Honorable Conditions or Under Other Than Honorable Conditions, you would be able to request a review for an upgrade to your service characterization and a new DD-214 that does not reference sexual orientation.

- Additional information about the lawsuit and settlement is available at **www.justiceforlgbtqveterans.com**.

# About the Lawsuit

## What is this lawsuit about?

This lawsuit is about whether the United States Constitution requires the Department of Defense to remove references to sexual orientation from discharge paperwork (DD-214) of veterans discharged under "Don't Ask, Don't Tell" and earlier policies barring lesbian, gay, and bisexual people from serving in the military.

**Where can I learn more?**
You can get a complete copy of the proposed settlement and other key case documents at:
**www.justiceforlgbtqveterans.com**

## Why was the lawsuit filed?

Plaintiffs argue that referencing sexual orientation on DD-214s of veterans violates the Constitution because it is discriminatory and invades their privacy. The Department of Defense denies that it or the military branches are violating any laws.

# About the Settlement

## Why is there a settlement?

In December 2024, the parties agreed to a settlement to end the lawsuit. Both sides want to avoid the risk, delay, and expense of more legal action.

The purpose of this notice is to provide information about the proposed settlement agreement and help people understand their rights if they are covered by the settlement.

## Am I part of this settlement?

If the settlement is approved, it will apply to a group of people called the "Class." People who are part of the Class are called "Class Members." The settlement will decide the rights of all Class Members in the lawsuit.

You are a Class Member if **ALL** of the following are true:
(1) You served in the U.S. Army, Navy, Air Force, or Marine Corps; **and**
(2) You were administratively separated (involuntarily discharged without a court martial proceeding) before September 20, 2011; **and**
(3) The reason for discharge on your DD-214 references sexual orientation in a code or the narrative reason for separation.

## What will the settlement do?

Normally, if you want to change something on your DD-214, you have to submit a petition to the Board of Corrections for review. The proposed settlement makes it easier and faster for Class Members to request changes to their DD-214s relating to sexual orientation.

**If the settlement is approved, it will do the following:**

- If your DD-214 references sexual orientation **and** your discharge characterization is Honorable or Uncharacterized/Entry Level, you will be able to request a new DD-214 that does not reference sexual orientation. You will receive a new DD-214 without having to go through a Board review.

- If your DD-214 references sexual orientation **and** your discharge characterization is General Under Honorable Conditions or Under Other Than Honorable Conditions, you will be able to request to be part of a group review by the Board for an upgrade to your service characterization and a new DD-214 that does not reference sexual orientation.

- You will not need to have your military record or submit a petition in order to request these corrections.

If the settlement is approved, Class Members will "release" their claims, which means that they cannot bring another group lawsuit against the Department of Defense (or the military branches) about the same issues in this lawsuit. You can find out more information about what this means at www.justiceforlgbtqveterans.com.

All Class Members will still have the option to use the regular Board review process to request corrections to their records.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints lawyers to represent the interests of all Class Members. The following lawyers represent Class Members in this case:

| Lori Rifkin<br>IMPACT FUND<br>(510) 845-3473<br>www.impactfund.org | Radha Manthe<br>KING & SPALDING LLP<br>(213) 443-4433<br>www.kslaw.com | Elizabeth Kristen<br>LEGAL AID AT WORK<br>(415) 864-8848<br>www.legalaidatwork.org | Chelsea Corey<br>HAYNES & BOONE, LLP<br>(980) 771-8251<br>www.haynesboone.com |
|---|---|---|---|

You can also hire your own lawyer at your own expense.

## Do I have to pay the lawyers in this lawsuit?

**No, you do not have to pay anything to the lawyers.** The settlement allows the Court to approve a payment from the Department of Defense to the lawyers of **$350,000.** This is called "attorneys' fees and costs," and it pays the lawyers for their work and expenses they paid in this case.

## What happens next?

The Court will hold a hearing about whether to approve the proposed settlement.

**If the Court approves the settlement, Class Members will be able to request changes to their DD-214s starting in mid-2025.** The Department of Defense will post information about how to make these requests on its website. If the settlement is not approved, the lawsuit will continue.

The Court will hold the hearing about whether to approve the settlement on [date] at [time] at:
Phillip Burton Federal Building & United States Courthouse
Courtroom 3, 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

The scheduled hearing date may change. You can check the date at: www.justiceforlgbtqveterans.com.

## Do I need to do anything if I am a Class Member?

At the hearing, the Court will decide whether to approve the proposed settlement. If the Court approves the settlement, it will apply to all Class Members.

If you agree with the proposed settlement, you do not need to do anything right now. If you disagree with the settlement, you can object.

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement, you can tell the Court you object. You must say why you think the Court should not approve the settlement and whether your objection applies to just you, a part of the Class, or the entire Class. The Court will consider this when it decides

whether to approve the settlement. You can, but don't have to, hire a lawyer to help you with an objection.

To object, you must do the following:

| **1. Mail your objection to the Court:** |
| --- |
| Phillip Burton Federal Building & United States Courthouse<br>Courtroom 3, 15th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br><br>**AND** |

| **2. Mail or email your objection to the attorneys:** | |
| --- | --- |
| Impact Fund<br>Attn: Farrell v. DoD Objections<br>2080 Addison St., Suite 5<br>Berkeley, CA 94704<br>lrifkin@impactfund.org | United States Department of Justice<br>Attn: Andrew E. Carmichael<br>1100 L St. NW<br>Washington, DC 20005<br>andrew.e.carmichael@usdoj.gov |

Your written objection must include:

(1) the case name and number;
(2) your full name;
(3) your address, phone number, and email address (if you have one);
(4) the reasons why you think the settlement should not be approved and whether your objection applies just to you, to part of the Class, or to the entire Class;
(5) whether either you or your lawyer intend to appear at the settlement approval hearing and your lawyer's name; and
(6) your signature (handwritten or typed)

# If the Settlement is Approved

## When would I be able to apply for a change to my DD-214?

The proposed settlement does not go into effect until it is approved by the Court. The Court will hold a final approval hearing on [date]. If the Court approves the settlement, it will issue a "final approval order." Within 5 months after that order, DoD will post information on its website and mail letters to Class Members telling them how to apply for a new DD-214.

**If there are no delays, Class Members will be able to start requesting new DD-214s in mid-2025. Class Members will have 3 years after the new records correction process begins to submit requests for new DD-214s.**

Information about how to apply for a new DD-214 will also be posted on www.justiceforlgbtqveterans.com.

## What would the proposed settlement mean for me?



Does your DD-214 reference sexual orientation?

**No**

This settlement does not affect your rights.

To learn about military corrections in general, visit: www.defense.gov

**Yes**

What is your discharge characterization?

Honorable or Uncharacterized/ Entry Level

You would be able to request to have references to sexual oreintation removed from your DD-214

General Under Honorable Conditions or Other Than Honorable

You would be able to request review for a potential upgrade to an Honorable discharge characterization and to have references to sexual oreination removed from your DD-214

## To request a change, will I need a copy of my current DD-214?

No. If the settlement is approved, you will not need a copy of your current DD-214 in order to request a new DD-214.

## What would be on my new DD-214?

The possible changes to your DD-214 are:

### If your discharge status is currently Honorable or Uncharacterized/Entry Level

| | |
|---|---|
| **Narrative reason for separation** | Changed to "Secretarial Authority." |
| **Separation code** | Changed to "Secretarial Authority." |
| **Re-Entry code** | Re-Entry code changed to RE-1. (If your Re-Entry code is already RE-1, it will not change.) |
| **Discharge characterization** | If your characterization is Honorable or Uncharacterized/Entry Level, it will not change. |

### If your discharge status is currently General Under Honorable Conditions or Other Than Honorable

| | |
|---|---|
| **Narrative reason for separation** | Changed to "Secretarial Authority." |
| **Separation code** | Changed to "Secretarial Authority." |
| **Re-Entry code** | Re-Entry code changed to RE-1. (If your Re-Entry code is already RE-1, it will not change.) |
| **Discharge characterization** | If your characterization is General Under Honorable Conditions or Other Than Honorable, your discharge characterization could be upgraded to "Honorable." If you request a review, DoD will send your records to the Board for Corrections of Military or Naval Records for review. An upgrade to "Honorable" should normally be granted if there are no aggravating factors in your record. <br><br> If you request review for an upgrade and are denied, you can still apply for corrections to your DD-214 through the regular Board process. |

## Key Resources:

For more information about the lawsuit, settlement, and answers to common questions, visit: **www.justiceforlgbtqveterans.com**.

[*Counsel signature blocks to be inserted here*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SHERRILL FARRELL, *et. al.*,

                    Plaintiffs,

           v.

UNITED STATES DEPARTMENT OF DEFENSE, *et. al*.,

                    Defendants.

CASE NO.  3:23-cv-4013 JCS

**JOINT STIPULATION OF DISMISSAL**

The Court having approved settlement of all claims raised by Plaintiffs and the Class certified in the above-captioned action, pursuant to Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(ii), the parties hereby stipulate to dismissal of this action with prejudice.

[*Date and Counsel Signature Block to be Inserted Here*]

# EXHIBIT 2



United States District Court
*Farrell et al. v. Department of Defense et al.*
Case No. 3:23-cv-04013-JCS

# Class Action Notice

## *Authorized by the U.S. District Court*

| If you served in the U.S. Armed Forces and your DD-214 references sexual orientation as a reason for your discharge | There is a proposed settlement of a lawsuit that would allow you to request a new DD-214 | Read this notice to learn about your rights |
|---|---|---|



### Important things to know:

- There is a proposed settlement of a class action lawsuit brought by veterans whose DD-214s reference sexual orientation as a reason for their discharge.

- If your DD-214 references sexual orientation **and** your discharge characterization is Honorable or Uncharacterized/Entry Level, you would be able to request a new DD-214 that does not reference sexual orientation.

- If your DD-214 references sexual orientation **and** your discharge characterization is General Under Honorable Conditions or Under Other Than Honorable Conditions, you would be able to request a review for an upgrade to your service characterization and a new DD-214 that does not reference sexual orientation.

- Additional information about the lawsuit and settlement is available at **www.justiceforlgbtqveterans.com**.

# About the Lawsuit

## What is this lawsuit about?

This lawsuit is about whether the United States Constitution requires the Department of Defense to remove references to sexual orientation from discharge paperwork (DD-214) of veterans discharged under "Don't Ask, Don't Tell" and earlier policies barring lesbian, gay, and bisexual people from serving in the military.

**Where can I learn more?**
You can get a complete copy of the proposed settlement and other key case documents at:
**www.justiceforlgbtqveterans.com**

## Why was the lawsuit filed?

Plaintiffs argue that referencing sexual orientation on DD-214s of veterans violates the Constitution because it is discriminatory and invades their privacy. The Department of Defense denies that it or the military branches are violating any laws.

# About the Settlement

## Why is there a settlement?

In January 2025, the parties signed a settlement agreement to end the lawsuit. Both sides want to avoid the risk, delay, and expense of more legal action.

The purpose of this notice is to provide information about the proposed settlement agreement and help people understand their rights if they are covered by the settlement.

## Am I part of this settlement?

If the settlement is approved, it will apply to a group of people called the "Class." People who are part of the Class are called "Class Members." The settlement will decide the rights of all Class Members in the lawsuit.

You are a Class Member if **ALL** of the following are true:
(1) You served in the U.S. Army, Navy, Air Force, or Marine Corps; **and**
(2) You were administratively separated (involuntarily discharged without a court martial proceeding) before September 20, 2011; **and**
(3) The reason for discharge on your DD-214 references sexual orientation in a code or the narrative reason for separation.

## What will the settlement do?

Normally, if you want to change something on your DD-214, you have to submit a petition to the Board of Corrections for review. The proposed settlement makes it easier and faster for Class Members to request changes to their DD-214s relating to sexual orientation.

**If the settlement is approved, it will do the following:**

- If your DD-214 references sexual orientation **and** your discharge characterization is Honorable or Uncharacterized/Entry Level, you will be able to request a new DD-214 that does not reference sexual orientation. You will receive a new DD-214 without having to go through a Board review.

- If your DD-214 references sexual orientation **and** your discharge characterization is General Under Honorable Conditions or Under Other Than Honorable Conditions, you will be able to request to be part of a group review by the Board for an upgrade to your service characterization and a new DD-214 that does not reference sexual orientation.

- You will not need to have your military record or submit a petition in order to request these corrections.

If the settlement is approved, Class Members will "release" their claims, which means that they cannot bring another group lawsuit against the Department of Defense (or the military branches) about the same issues in this lawsuit. You can find out more information about what this means at www.justiceforlgbtqveterans.com.

All Class Members will still have the option to use the regular Board review process to request corrections to their records.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints lawyers to represent the interests of all Class Members. The following lawyers represent Class Members in this case:

| | | | |
|---|---|---|---|
| Lori Rifkin<br>IMPACT FUND<br>(510) 845-3473<br>www.impactfund.org | Radha Manthe<br>KING & SPALDING LLP<br>(404) 572-4810<br>www.kslaw.com | Elizabeth Kristen<br>LEGAL AID AT WORK<br>(415) 864-8848<br>www.legalaidatwork.org | Chelsea Corey<br>HAYNES & BOONE, LLP<br>(980) 771-8251<br>www.haynesboone.com |

You can also hire your own lawyer at your own expense.

## Do I have to pay the lawyers in this lawsuit?

**No, you do not have to pay anything to the lawyers.** The settlement allows the Court to approve a payment from the Department of Defense to the lawyers of **$350,000**. This is called "attorneys' fees and costs," and it pays the lawyers for their work and expenses they paid in this case.

## What happens next?

The Court will hold a hearing about whether to approve the proposed settlement **on March 12, 2025, at 9:30 am** at:

Phillip Burton Federal Building & United States Courthouse
Courtroom B, 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Members of the public can watch this hearing live on Zoom at:
Webinar ID: 161 926 0804
Password: 050855

**If the Court approves the settlement, Class Members will be able to request changes to their DD-214s starting in mid-2025.** The Department of Defense will post information about how to make these requests on its website. If the settlement is not approved, the lawsuit will continue.

The scheduled hearing date may change. You can check the date at: www.justiceforlgbtqveterans.com.

## Do I need to do anything if I am a Class Member?

At the hearing, the Court will decide whether to approve the proposed settlement. If the Court approves the settlement, it will apply to all Class Members.

If you agree with the proposed settlement, you do not need to do anything right now. If you disagree with the settlement, you can object.

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement, you can tell the Court you object. You must say why you think the Court should not approve the settlement and whether your objection applies to just you, a part of the

Class, or the entire Class. The Court will consider this when it decides whether to approve the settlement. You can, but don't have to, hire a lawyer to help you with an objection.

Objections must be received by **February 19, 2025**. To object:

| **1. Mail your objection to the Court:** |
|---|
| Clerk's Office<br>United States District Court for the Northern District of California<br>16th Floor, 450 Golden Gate Avenue<br>San Francisco, CA 94102-3489<br><br>Attn: Case No. 23-cv-4013-JCS<br><br>**AND** |

| **2. Mail or email your objection to the attorneys:** | |
|---|---|
| Impact Fund<br>Attn: Farrell v. DoD Objections<br>2080 Addison St., Suite 5<br>Berkeley, CA 94704<br>lrifkin@impactfund.org | United States Department of Justice<br>Attn: Andrew E. Carmichael<br>1100 L St. NW<br>Washington, DC 20005<br>andrew.e.carmichael@usdoj.gov |

Your written objection must include:

(1) the case name and number;
(2) your full name;
(3) your address, phone number, and email address (if you have one);
(4) the reasons why you think the settlement should not be approved and whether your objection applies just to you, to part of the Class, or to the entire Class;
(5) whether either you or your lawyer intend to appear at the settlement approval hearing and your lawyer's name; and
(6) your signature (handwritten or typed)

# If the Settlement is Approved

## When would I be able to apply for a change to my DD-214?

The proposed settlement does not go into effect until it is approved by the Court. The Court will hold a final approval hearing on March 12, 2025. If the Court approves the settlement, it will issue a "final approval order." Within 5 months after that order, DoD will post

information on its website and mail letters to Class Members telling them how to apply for a new DD-214.

**If there are no delays, Class Members will be able to start requesting new DD-214s in mid-2025. Class Members will have 3 years after the new records correction process begins to submit requests for new DD-214s.**

Information about how to apply for a new DD-214 will also be posted on www.justiceforlgbtqveterans.com.

## What would the proposed settlement mean for me?



## To request a change, will I need a copy of my current DD-214?

No. If the settlement is approved, you will not need a copy of your current DD-214 in order to request a new DD-214.

## What would be on my new DD-214?

The possible changes to your DD-214 are:

### If your discharge status is currently Honorable or Uncharacterized/Entry Level

| | |
|---|---|
| **Narrative reason for separation** | Changed to "Secretarial Authority." |
| **Separation code** | Changed to "Secretarial Authority." |
| **Re-Entry code** | Re-Entry code changed to RE-1. (If your Re-Entry code is already RE-1, it will not change.) |
| **Discharge characterization** | If your characterization is Honorable or Uncharacterized/Entry Level, it will not change. |

### If your discharge status is currently General Under Honorable Conditions or Other Than Honorable

| | |
|---|---|
| **Narrative reason for separation** | Changed to "Secretarial Authority." |
| **Separation code** | Changed to "Secretarial Authority." |
| **Re-Entry code** | Re-Entry code changed to RE-1. (If your Re-Entry code is already RE-1, it will not change.) |
| **Discharge characterization** | If your characterization is General Under Honorable Conditions or Other Than Honorable, your discharge characterization could be upgraded to "Honorable." If you request a review, DoD will send your records to the Board for Corrections of Military or Naval Records for review. An upgrade to "Honorable" should normally be granted if there are no aggravating factors in your record.<br><br>If you request review for an upgrade and are denied, you can still apply for corrections to your DD-214 through the regular Board process. |

## Key Resources:

For more information about the lawsuit, settlement, and answers to common questions, visit: **www.justiceforlgbtqveterans.com**.