UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FARRELL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.,<br><br>    Defendants. | Case No. 23-cv-04013-JCS<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 88 |

The Court held a Fairness Hearing on March 12, 2025 on Plaintiffs' motion for class certification, final approval of class action settlement, and reasonable attorneys' fees and costs. The Court has reviewed Plaintiffs' motion, the memorandum and declarations filed in support of the motion, the settlement agreement and class notice, and relevant filings in the case. Good cause appearing and pursuant to Federal Rule of Civil Procedure 23, the Court certifies the settlement class and grants final approval of the class action settlement, and finds as follows:

1. The Court finds that certification of the following class is appropriate for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2):

> Veterans of the United States Army, Navy, Air Force, and Marine Corps who were administratively separated prior to September 20, 2011, and whose most recent Service separation document shows their basis for discharge was sexual orientation, homosexual conduct, homosexual admission, homosexual marriage, similar language, or a policy title or number signifying separation for sexual orientation.

2. The Court finds that the class, which likely contains more than 30,000 members, is so numerous that joinder is impractical, satisfying Rule 23(a)(1).

3. The Court finds that there are questions of law and fact common to the class, satisfying

Federal Rule of Civil Procedure 23(a)(2), including:

- Whether Defendants violated class members' equal protection rights by (1) issuing DD-214s that identified class members' actual or perceived sexual orientation, while not identifying the actual or perceived sexual orientation of other veterans, and (2) maintaining a policy expressly disclaiming an intention to systematically remove indicators of sexual orientation on class members' DD-214s following the repeal of DADT;

- Whether Defendants' maintenance of a policy that refuses to systematically remove indicators of sexual orientation from DD-214s is a continuing violation of class members' constitutional right to privacy;

- Whether Defendants have violated due process by maintaining a policy that refuses to systematically remove sexual orientation indicators from DD-214s; and

- Whether the discharge upgrade and record correction processes that Defendants have put in place are constitutionally inadequate.

4. The Court previously appointed named Plaintiffs Sherrill Farrell, James Gonzales, Jules Sohn, and Lilly Steffanides to serve as Class Representatives, having demonstrated that their claims are typical of those of the class, satisfying Rule 23(a)(3), and that they have fairly and adequately represented the class and have no conflicts of interest interfering with their ability to represent absent class members, satisfying Rule 23(a)(4). The Court confirms that these four Class Representatives satisfy the requirements to continue to serve as Class Representatives for the certified class.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously found that Impact Fund, Legal Aid at Work, King & Spalding LLP, and Haynes and Boone, LLP have the requisite experience and resources necessary to represent the class and serve as Class Counsel for the conditionally certified class. Taking into account the joint stipulation to substitute California Women's Law Center for Legal Aid at Work, the Court finds that Impact Fund, California Women's Law Center, King & Spalding LLP, and Haynes and Boone LLP satisfy the requirements to continue serving as Class Counsel for the certified class. Class Counsel are confirmed and shall oversee and perform the duties necessary to effectuate the settlement.

6. The Court finds that the proposed settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and consistent with Ninth Circuit law. *See In re Bluetooth Headset Prods. Liab.*, 654 F.3d, 935, 946 (9th Cir. 2011).

7. The Court finds that the settlement is the result of good faith, non-collusive arms-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendants, after thorough factual and legal investigations. In granting final approval of the settlement, the Court has considered the nature, strengths, and weaknesses of the claims, the relief obtained on behalf of the Settlement Class, the release of claims in exchange for such relief, and the fact that the settlement represents a compromise of the Parties' respective positions. Additionally, the Court finds that the terms of the settlement do not improperly grant preferential treatment to any individual class member.

8. Class Counsel is awarded reasonable attorneys' fees and costs in the amount of $350,000, which is the amount sought by Plaintiffs and the amount set forth in the Parties' agreement. The Court finds that Plaintiffs are a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412, and that the amount of $350,000 is reasonable under this statute. Based on the information provided in Class Counsel's declarations in support of the motions for preliminary and final approval, and the Court's familiarity with the procedural history in this case, the Court finds that the hours compensated under an award of $350,000 are well within the bounds of what was reasonable in this matter, and that such award does not exceed the limits set forth by EAJA and the Ninth Circuit's setting of allowable EAJA rates. This award of fees and costs comports with the requirements of Rule 23.

9. The Court finds that the previously approved notice plan has been duly effectuated, including distribution of class notice that fairly and adequately describes the proposed settlement and how class members could object to or participate in the settlement. The Court further finds that the Parties' notice plan complies fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.

10. The Court finds that a full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed settlement should be

1 given final approval. The Court further finds that the response of class members to the settlement
2 supports final approval. No class member has objected to the settlement.
3    11. The Court orders the Parties to implement and comply with the terms of the settlement.
4    It is therefore ORDERED that Plaintiffs' Motion for Class Certification, Final Approval of
5 Class Action Settlement, and Reasonable Attorneys' Fees and Costs is GRANTED.
6    **IT IS SO ORDERED.**

8 Dated:  March 12, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge